CHILD *vs.* BRACE and others.

To a bill filed by a judgment creditor to obtain satisfaction of his debt after the return of an execution unsatisfied, all the defendants or persons against whom the judgment was rendered should be made parties.

Before a judgment creditor is authorized to file such a bill, he must make a bona fide attempt to collect his debt by execution against the defendant. And where the judgment is against several persons, he must exhaust his remedy, by execution against all, before he can apply to the court of chancery for relief; unless it appears that the persons against whose property the remedy at law is not exhausted, stand in the situation of sureties, and that the bill is filed with their assent, and for their benefit.

Where the judgment debtor has a fixed and known place of residence within the state, at the time of issuing the execution against him, and has visible property in the county in which he resides sufficient to satisfy the execution, and which may be reached by it, and the judgment is in the supreme court, so that an execution may be issued to that county, it will be a good defence to the complainant's bill, that he has neglected to issue an execution to that county.

THE complainant in this cause was a judgment creditor of January 28 H. Brace, T. Joy, R. Hunter, N. Brown and T. J. Shankland, who were copartners in the forwarding commission business upon the Erie canal. The judgment was entered in the supreme court, in September, 1828, at which time one of the partners resided at Rochester, in Monroe county, one at Albany, and another at New-York. Brown, another of the partners, resided in the county of Montgomery; where he had a large real and personal estate. The partners carried on their business principally at Rochester and Albany, and on the canal between those two places. The venue was laid in the county of Monroe; and a fi. fa. was issued to that county, which was returned unsatisfied. The bill, in the present suit, was filed against H. Brace, one of the defendants in the judgment, and against F. Wilkie and Clark and Walker, to reach certain property in the hands of the latter, which had been assigned to them by Wilkie, in trust, among other things, to pay a debt due from him to Brace. Several questions were raised by the pleadings and proofs; but the vice chancellor of the eighth circuit, before whom the cause was heard, dis-

1834.

Child
v.
Brace.

missed the bill, with costs, on the single ground that the complainant had not exhausted his remedy at law on his judgment. From this decree of the vice chancellor, dismissing the bill, the complainant appealed to the chancellor.

The following opinion was delivered by the Vice Chancellor on dismissing the bill :

GARDINER, V. C. Assuming that the complainant is a bona fide judgment creditor, and that a large balance is now due to him upon his judgment, the only question necessary to be discussed in the present case will be, Has he entitled himself to the relief sought by the bill? In *Beck* v. *Burdett*, (1 *Paige's Rep.* 308,) the chancellor remarks, that there are two classes of cases where a plaintiff is allowed to come into this court for relief. In the one the issuing of the execution gives the plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstruction, fraudulently or inequitably interposed to prevent a sale upon the execution. In the other to obtain satisfaction of his debt out of property of the defendant which cannot be reached by execution at law. The present is not a case of the first class. The claim of Brace against Wilkie was a chose in action, upon which the execution of the complainant never was a lien, and from which the execution could not have been satisfied, even if the assignment was set aside. The whole frame of the bill distinctly characterises this as one falling within the second class of cases mentioned by the chancellor. In the language of the case cited, the right of the complainant to relief here depends upon the fact of his having exhausted his legal remedies without having obtained satisfaction of his judgment. Has the complainant placed himself in this situation? That he has not in fact exhausted his legal remedy is apparent. From 8 to 12000 dollars value of the real estate of Brown in the county where he resides is now bound by this judgment; and this, together with three thousand dollars of personal property, is now subject to execution. It was, however, argued by the counsel for the complainant, that the language of the case cited was to be received with some modification ; that legal diligence was all that

could be required of the complainant, and this requirement was satisfied by the issuing of an execution into the county where the venue was laid, and the return of that execution unsatisfied. The position to this extent is believed to be altogether untenable. It is notorious that in transitory actions, more especially in that class of them where no valid defence is apprehended, the venue is regulated by the convenience of the plaintiff, and the facilities afforded for a speedy trial, without any regard to the residence of the defendant, or the situation of his property. A creditor in New-York, as against his debtor residing in a distant county, would naturally fix the place of trial in his own county. Should a judgment be obtained, execution issued to the sheriff of New-York, and duly returned unsatisfied, would these facts furnish evidence that the debtor had no property subject to execution? that the legal remedy was exhausted? And should we add to the supposed case the farther circumstance, that the goods for which the debt was incurred, and the whole business transaction between the parties occurred in the city of New-York, would this in the slightest degree add to the force of that evidence? I apprehend that it would not, for the obvious reason that in ordinary cases, a man's property is to be found where he is domiciled, and not elsewhere; and such is the presumption of law. On the position assumed, however, the court is called upon to infer, against common experience and legal presumption, that a debtor has no property tangible on execution at home, because it is not found in a remote county; and this would, in fact, subject every debtor to an expensive chancery litigation, who should fail to provide property, where his creditor should select his place of trial. It was said that a contrary rule would require an execution to be issued to every county. If I am correct in the view I have taken, this objection is already obviated. The debtor is presumed to have property, where his residence is fixed. An execution issued to, and duly returned by the sheriff of that county, would be prima facie evidence to this court that the legal remedy was exhausted. So are the cases. In all of them it is expressly alleged, or necessarily to be inferred, that the executions were directed to the county where the defendants resided.

1834.

Child
v.
Brace.

The true rule deducible from the decision, I apprehend to be this : that when the judgment is obtained in a court of general jurisdiction, the complainant, prima facie, to entitle himself to relief here, must show an execution issued to, and duly returned by the sheriff of the county where the defendant is domiciled; or, in case the execution is issued to another county, the complainant must, by distinct averments, and by proof, if necessary, repel the legal presumption of property in the county where the defendant has a fixed residence. To apply this to the present case, the complainant's judgment was obtained against five defendants, one only of whom, Robert Hunter, resides in Monroe county. Brace, the defendant in this suit, and Joy, reside in Albany, Shankland in New-York, and Brown in Montgomery. To the three last counties no executions whatever have been issued. Their business, and their transactions, as a company forwarding property, extended from New-York to Erie ; and they had distinct establishments, under different names, at Rochester, Albany and New-York. It is apparent that the complainant has not brought himself within the first branch of the rule above suggested. Nor can it be pretended, in any view, that his legal remedy is exhausted. To determine this, we must infer that, because the complainant has levied six thousand dollars in two counties, where there was one establishment and one defendant, that therefore nothing could be reached on execution issued to three other counties, where there are two business establishments and four defendants.

There are no averments in the bill to bring this cause within the second provision of the above rule. The bill alleges that the company is insolvent, and that Shankland has been discharged under the insolvent act ; but there is no averment that either Brace, Joy or Brown are insolvent, much less that they have no property which might be reached by execution. Insolvency, at least, must be averred and proved ; it is not to be presumed. The reverse is to be inferred from the bill itself, and is established beyond controversy by the proof. The bill, however, does allege that the complainant did not know of any property out of which the execution could be satisfied.

The answer is entirely silent upon that subject, and hence it is argued that the defendant is concluded. The averment, if material in any point of view, is not that there was no property, but that Child knew of none. The former, however, is the fact to be established, to entitle the complainant to equitable relief; not the latter. Indeed, the very gist of the objection is, that the complainant did not take legal measures, by issuing his executions to the proper counties, to ascertain whether there was property or not. My opinion, therefore, is, that under the circumstances of this case, the complainant is not entitled to the relief sought by the bill. I have chosen to rest my decision upon the single point discussed, because I consider it of the greatest importance, whether viewed in reference to this court, or to parties generally. The necessity contemplated by the decisions upon the subject should exist and be established, before resort is had to this court. Sound policy requires this. At law, the remedy is cheap and expeditious. Here it must always be expensive, and frequently dilatory. It needs but a glance at the papers necessarily accumulated in this cause, and which might be equally necessary in one of $100 consequence, to satisfy us, that the only way to guard this court from an influx of business that will be overwhelming, and to save debtors from an expense equally destructive to their interest and the interest of their creditors, is strictly to adhere to the wholesome rule that before relief can be had here, the remedy at law must be, not in name only, but in fact exhausted. The bill must be dismissed with costs.

*B. F. Butler & S. Ford*, for the complainant. The bill was filed against the defendant Brace as the assignee of his copartners. We claim the fund in Brace's hands. It was not necessary to make the cestui que trusts parties. The business of the partnership was principally carried on in Monroe county; and the venue was laid in that county. It was sufficient to issue the execution to that county. It was not necessary to aver that there was no property in the counties where the defendants resided. The statute speaks of only one execution. (*Spader* v. *Davis*, 5 *John. Ch.* 280, *S. C.* 20

1834.

Child
v.
Brace.

*John. Rep.* 554. *McDermutt* v. *Strong,* 4 *John. Ch.* 691. *Brinckerhoff* v. *Brown, Id.* 675. *Williams* v. *Brown, Id.* 684. *Candler* v. *Petit,* 1 *Paige's Ch. Rep.* 428. *Id.* 168. *Eager* v. *Price,* 2 *Id.* 334.) A creditor of one of several partners may file his bill to reach his share of the surplus, after payment of the partnership debts. It was not necessary to issue an execution against all the partners to every county in which they resided. A defendant cannot set up a defence on the hearing not embraced in the pleadings. (*James* v. *McKernon,* 6 *John. Rep.* 543. *Underhill* v. *Van Cortland,* 2 *John. Ch.* 353.) The objection of the want of parties is not taken in the answer, and was not raised before the vice chancellor. The partners of Brace were not necessary parties; they may have been proper parties. The complainant could at law have collected the whole judgment out of the private property of Brace.

*M. T. Reynolds,* for defendants. All the defendants in the judgment should have been made parties. It is not too late to take this objection at the hearing. The partners of Brace are necessary parties. The complainant ought to have exhausted his remedy at law before filing his bill, by issuing executions to the counties where the partners carried on their business, and where they resided. (*Brinckerhoff* v. *Brown,* 4 *John. Ch.* 671. *Hadden* v. *Spader,* 20 *John. Rep.* 565. *Beck* v. *Burdett,* 1 *Paige's Ch.* 308.) This bill was filed before the revised statutes went into effect. At that time the bill could only have been filed upon the ground of fraud in the debtor. (*Donovan* v. *Finn,* 1 *Hopk.* 59.)

THE CHANCELLOR. The objection that the co-defendants in the judgment with Brace were not made parties to this suit, would probably have been valid, if it had been made at the proper time. But as it was neither raised by demurrer, nor insisted upon in the answer of the defendants, it afforded no sufficient ground for dismissing the complainant's bill at the hearing. The only effect of such an objection at that time would have been, to have an order that the cause stand over; with liberty to the complainant to file a supplemental bill, for the

purpose of bringing the necessary parties before the court. That objection cannot, therefore, be now urged in support of a decree dismissing the bill of the complainant.

Upon the facts, as detailed in the pleadings and proofs, I am inclined to think that the complainant was not entitled to hold the trust property, which was purchased in on his account, at the prices at which the same was bid in at auction. But that he was bound to allow the defendants, on the judgment, the actual cash value of that part of the property at the time of the sale. The principle that a trustee for the sale cannot be permitted to make a speculation by purchasing in the trust property for himself, has been so frequently recognized in this court, that it would be a useless waste of time to cite cases on the subject. And I see nothing in the circumstances of the trust, created by the assignment to this complainant, to take it out of the operation of the general rule.

The ground upon which the vice chancellor placed his decision, however, was sufficient to dispose of this case. It appears, by the testimony, that N. Brown, one of the defendants in the judgment, resides in the county of Montgomery, and has a large real estate there, on which the judgment was a lien. That fact also must have been known to the complainant; for he had taken a mortgage on a part of that property. Although it is alleged in the bill that the complainant was not aware of any property belonging to the defendants in the judgment, upon which an execution could be levied, that allegation, if it was intended as an averment that Brown had no tangible property at the place of his residence, is disproved by the testimony of Brown. The statute is general, that whenever an execution against the property of a defendant shall have been issued, on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery, &c. (2 R. S. 173, § 38.) It must be recollected, however, that this statute is only declaratory of a principle which had before been adopted in this court. It means, therefore, that the plaintiff in the judgment shall have made a bona fide attempt to collect his debt, by execution against the property of the defendant. If the plaintiff is not aware of the existence of any tan-

gible property of the defendant, it may be sufficient to issue the execution to the county in which the defendant resides, or where he was residing at the time of the commencement of the original suit against him. And if he has, in fact, no property which is subject to execution, perhaps it may be sufficient to issue the execution to the county where the venue was laid, as was done in this case. But where the judgment is in the supreme court, so that the execution may issue to any part of the state, if the defendant has a fixed and known place of residence at the time the execution is issued, and has visible property in the county where he resides sufficient to satisfy the debt, it will be a good answer to the complainant's bill, that he has neglected to issue an execution to that county. And where there are several defendants in the judgment, who are jointly holden for the payment of the plaintiff's debt, he should exhaust his legal remedy, by executions against the property of all, before he applies to this court for relief; except, perhaps, where one of the defendants is a mere surety. But even in that case the fact of suretyship, and an averment that the suit here was instituted for the benefit of the surety, and with his assent, should be stated in the complainant's bill. As the judgment creditor may take out several executions at the same time, the fact that the defendants reside and have property in different counties, need not delay him in the commencement of proceedings here. The fact of the residence of Brown in the county of Montgomery, and that he had lands there which were subject to the lien of the judgment, appeared upon the face of the complainant's bill. It was not necessary, therefore, for the defendants to set up those facts by way of defence in their answer.

The decree of the vice chancellor must be affirmed, with costs.