## STORMS and others *vs.* RUGGLES and others.

A creditor's bill upon a judgment at law, must shew that the plaintiff's remedy at law is exhausted ; and a creditor's bill will not ordinarily be sustained, when three years or more has elapsed between the return of the execution at law, and the filing of the bill. A new execution must be issued within three years previous to the filing of such bill, or satisfactory reasons stated in the bill, why it is not done.

THIS is a motion to dissolve an injunction upon the matter stated in the bill. The bill is what is commonly called a creditor's bill. It sets forth the rendition of a judgment in the Supreme Court, in October, 1833—the issuing of an execution the same term, returnable in January term, 1834—and a return unsatisfied. The bill sets forth, also, that the execution issued required the sheriff to take " goods and chattels, and chattels real ;" and for want of such property, to make the amount of the judgment of the " real estate" of which the defendants were seized on the day of the rendition of the judgment, in whosesoever hands the same might be, and a return of the sheriff that the defendants had " no goods, or chattels, or tenements." The bill was filed in 1839 ; and in stating the issuing of the execution, it stated that it was issued to the county of Chautauque, where the defendants reside.

*C. Tucker*, for complainants.

*C. H. S. Williams*, for defendants.

THE VICE CHANCELLOR. More than five years have elapsed since the rendition of the judgment and the return of the execution, and prior to the filing of

this bill, without issuing any new execution to col-
lect the judgment at law. In the spirit of the stat-
ute authorising the filing of bills of this character, the
plaintiff must first be required to do all he reasonably
can, to exhaust his remedy at law, or rather to col-
lect his debt by process of law, before he resorts to
this court for aid. In this view, it has been decided
that it is not sufficient to issue an execution to the
county where the venue was laid; but an execution
must be issued to the county where the defendants
reside, and be returned unsatisfied, before the plain-
tiff can file a bill of this character. Child *vs.* Brace,
4 Paige, 309.

If this is correct, and it certainly seems to be rea-
sonable and equitable; in the same spirit a plaintiff
should not be permitted to file a bill of this character,
upon a stale demand or judgment. In this country,
a man who was a bankrupt five years ago, may, ow-
ing to the mutations of property, be a rich man to-
day; and as the law does not favor an accumulation
of costs in legal proceedings, it would seem to be
right that, after a judgment has stood for a period of
three years or more, the plaintiff should try again,
with an execution to collect it before he incurs the
costs of filing a bill in this court. I do not mean to
say that there may not be exceptions to this rule;
but if there is any thing in the circumstances of a par-
ticular case, after so much delay, to render it neces-
sary to file a bill without issuing a new execution, it
should be stated in the bill. In this case, no such
circumstances are stated; and in such a case, I must
hold the plaintiff to the necessity of issuing a new
execution before filing his bill. There are other
questions made on this motion; and I am induced

Dec. 1839.

to think that the return of the sheriff was not suffi-
cient to authorise the filing of this bill, as the return
does not shew legally that the plaintiff's remedy at
law is exhausted.   But I prefer to place my deci-
sion upon the first ground alone ; and shall, for the
reason that a new execution was not issued, grant
an order for the dissolution of the injunction.