## SUPREME COURT.

JOHN A. MILLARD agt. WILLIAM H. SHAW, EDWIN R. TOWNSEND and HIRAM T. HYDE.

A demurrer to a creditor's bill, for the reason that the bill does not show that a transcript of the judgment was docketed in the county where one of the several defendants resides, will not lie, where it does not appear upon the face of the bill, *that the judgment debtor had real estate subject to the lien of the judgment* in that county. This allegation may be set up in an answer, and, if established by proof, will authorize a dismissal of the bill.

Where execution has been issued, by the consent of the defendant, on the day of docketing the judgment, and made returnable in *six days*, it is no ground of demurrer to a creditor's bill, that it does not set out the legal effect, force, or form of the consent, by which such execution was issued and returned. It is enough, if the bill alleges that the form of the execution as to its return, and the time at which it was taken out, were in pursuance of the defendants' agreement.

*Rensselaer Special Term, April,* 1849.—The plaintiff alleges in his bill, that on the 22d May, 1848, he recovered a judgment against the defendants for $400 debt and $25.63 damages and costs; and that the judgment was docketed in the clerk's office of Rensselaer county, on the same day. The bill states that on the same day, "by *the consent of the defendants*," a *fi. fa.* was issued to the sheriff of Rensselaer county, where Townsend & Hyde resided, and to the sheriff of the city and county of New York, where Shaw resided, returnable in *six days* "*by consent of the*

*defendants therein named, previously obtained.*" It states the usual return of *nulla bona* of both executions and contains the ordinary averments of a creditor's bill. *There is no averment that the judgment was docketed in the city and county of New York,* where Shaw resided; nor does it appear that either defendant was seized of real estate in that city or county.

There is a demurrer to the bill, assigning for cause, that it does not set out the legal effect, force, or form, of the consent to issue the execution, within the time provided by law for issuing executions, nor whether such consent was verbal or written; 2. That it does not show that a transcript was docketed in New York; and 3. It does not state legally why the execution was made returnable in less than sixty days, the time prescribed by the law of 1840, p. 334, § 24.

J. Neil, *for defendant.*

J. A. Millard, *contra.*

Willard, Justice.—The plaintiff was entitled to file his bill, whenever his writ of *fieri facias* issued on the judgment to the sheriff of the county where the defendants resided, was returned unsatisfied in whole or in part (2 R. S. 173, § 38; *Child* v. *Man,* 4 Paige, 309.) The judgment creditor must make a *bona fide* attempt to collect his debt, by execution against the property of the defendant; and if it appears on the face of the bill that the judgment debtor has real estate subject to the lien of the judgment, it is a good ground for dismissing the bill, if not of a demurrer. If the existence of tangible property of the debtor, which has not been levied on, does not appear by the bill, it may be set up in the answer, or, if established by the proofs, will entitle the defendants to a dismissal of the bill, (*ib.*) The law contemplates that the goods and chattels and real estate of the defendants should be first exhausted, before the equitable interest of the debtor should be sought by a resort to a creditor's bill.

In the present case the execution has been issued to the proper counties, and the requisite return of the sheriff has been made and filed, and there is no allegation in the bill that either of the defendants own real estate anywhere. It was therefore unnecessary to docket the judgment in the city and county of New York, (L. of 1840, § 25.)

The 24th section of the act of 1840, (Laws of 1840, p. 334,) authorizes the issuing of an execution at any time after the expiration of thirty days from the entry of the judgment, and the making it returnable sixty days from the receipt thereof. These two provisions were for the benefit of the defendant, which it is competent for him to waive. No other per-

son can take advantage of the irregularity but the defendant and he cannot do it against his own consent. *Volenti non injuria.* The bill alleges, that the form of the execution as to its return, and the time of which it was taken out, were in pursuance of the defendant's agreement, and this is admitted by the demurrer.

The demurrer, therefore, must be overruled with costs, but with liberty to the defendant to answer on payment of costs.

A motion is also made on the part of the plaintiff, for the appointment of a receiver. I perceive no objection to the motion. It must be referred to Giles B. Kellogg, Esq., as referee, to appoint a receiver with the usual powers.