## VOORHEES v. HOWARD.

December, 1868.

To sustain a creditor's suit against one of several joint debtors, the legal remedy must first be exhausted against all of them, including the estate of any one that is alleged to be deceased.[*]

Benjamin F. Voorhees brought this action in the supreme court against John T. Howard and John C. Fremont; the complaint being an ordinary creditor's bill to reach property alleged to be in the hands of Fremont, for the purpose of applying it to satisfy two judgments held by plaintiff against the defendant John T. Howard, and his brother Joseph Howard, recovered on their joint contracts. The complaint alleged that Joseph Howard died before this action was commenced, but at what time, was not alleged nor proved; there was no allegation or proof as to Joseph's residence or property, at the time when the executions issued; and for aught that appeared, he might have been then living, and have had sufficient personal property to satisfy executions, or real property on which the judgments were liens. The only allegations in the complaint as to execution, were that executions were issued to the sheriff of the county of New York, the residence and place of business of John T., and were returned unsatisfied.

*The supreme court* affirmed a judgment dismissing the

[*] Compare Riper v. Poppenhusen, 43 *N. Y.* 68; Stahl v. Stahl, 2 *Lans.* 60; and see 51 *N. Y.* 519; 50 *Id.* 80.

complaint, on the ground that the plaintiff had not shown that he had exhausted his remedy at law. Plaintiff appealed.

*I. T. Williams*, for plaintiff, appellant.

*S. P. Nash* and *E. H. Owen*, for defendants, respondents.

BY THE COURT.—BACON, J. [After stating facts.]—The remedy sought by a creditor's bill, was one well known to the courts of equity before it had been recognized, and to some extent regulated by the revised statutes. It was always necessary under both systems, that the bill should show affirmatively that an honest attempt had been made to collect the debt by the issuing and return of an execution against the judgment debtor, and where there were several defendants jointly liable thereon, that such effort had been made, and such remedy exhausted against all the judgment debtors, before jurisdiction would be entertained in chancery. The authorities are full and uniform to this effect. It is sufficient to cite Child *v.* Brace, 4 *Paige*, 309 ; Reed *v.* Wheaton, 7 *Id.* 663.

This requirement has not been in any respect changed or modified by the practice as it now exists under the code. It is still just as necessary as it ever was to exhaust the legal remedy before equitable relief can be sought. Such relief is based on the same principles, notwithstanding it may be sought and obtained under a system in which the two jurisdictions are combined in the same tribunal. That tribunal extends equitable relief upon equitable principles, and the party who invokes its aid in this form must comply with the rules it has established.

Since the enactment of the code the decisions have been to the same effect, and have maintained the same principles as had before been established. This was so held in Crippen *v.* Hudson, 13 *N. Y.* 161, where the court say, that the union of legal and equitable jurisdictions in the same court does not furnish any good reason for a departure from the well established rule in equity. In Dunlevy *v.* Tallmadge, 32 *N. Y.* 457, 459, reversing Fassett *v.* Talimadge, 18 *Abb. Pr.* 48, WRIGHT, J., says : " A court of equity does not intervene to enforce the payments of debts (whether individual or partner-

ship debts), and it is only after the creditor has taken and exhausted all the means in his power at law, that he will be entitled to its aid to discover and apply the debtor's property to satisfy his claims. An execution must have been issued on the judgment and been returned unsatisfied. This is essential to the jurisdiction of the court, though there be nothing that could be reached by execution at law."

The plaintiff here has neither averred nor proved that his remedy at law had been exhausted upon these judgments. Although the averment, that Joseph Howard died at some time before the present suit was commenced, was a sufficient reason for not making him a defendant in the action, it did not relieve the plaintiff from the obligation of averring and proving that, as against all the defendants, the remedy at law had been exhausted. As to Mills, a third defendant in one of the judgments, there is an averment of his utter insolvency as an excuse for his omission as a defendant, and also for not seeking any remedy against him by the issuing and return of an execution; but there is no such averment in relation to Joseph Howard.

The judgment was, therefore, right, and must be affirmed.

All the judges concurred.

udgment affirmed, with costs.