## SUPREME COURT.

JOHN F. FENTON, respondent agt. ELZI FLAGG, appellant.

Where an *execution* has been duly issued and duly returned by the sheriff unsatisfied in whole or in part, and the plaintiff has in no wise interfered, he may safely act upon the return of the sheriff, to institute *proceedings supplementary to execution*. And the question whether there was property which the sheriff ought to have taken and sold for the purpose of satisfying the judgment in whole or in part, *cannot be raised*.

*Erie General Term, May,* 1861.

MARVIN, DAVIS and GROVER, *Justices.*

Fenton agt. Flagg.

APPEAL from order appointing a receiver in proceedings supplementary to execution.

A. SHELDON, *for plaintiff.*
WM. H. HENDERSON, *for defendant.*

By the court, MARVIN, P. J.   It appeared from the examination of the defendant that he owns and is in possession of 1,000 or 1,100 acres of land in Cattaraugus county, worth about $10 an acre, incumbered by a mortgage to one Dow of $2,100, and a judgment in favor of the plaintiff of $3,100, and perhaps some $400 or $500 of interest, &c., besides the judgment upon which the proceedings in question are had.   This judgment was for $1,514.81, a portion of which, by stipulation, was not due; the amount due, and to collect which the execution was issued, was $514.81, and interest from July 5, 1860.   The execution was issued November 2, 1860, and was returned by the sheriff on or before the 1st day of December.   No call was made upon the defendant by the sheriff, nor was he aware that execution had been issued until the institution of these proceedings.

The defendant had some personal property, all of which was incumbered by chattel mortgages.   This proceeding was under the first branch of section 292 of the Code, providing for those cases in which an execution has been returned unsatisfied in whole or in part.   The position of the defendant's counsel is that the plaintiff must make an effort in good faith to collect his debt by execution, and must exhaust that remedy before resorting to this proceeding, and that in this case such effort has not been made, and the remedy by execution has not been exhausted.

The language of the Revised Statutes relating to the jurisdiction of the court of chancery is : "Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery, &c." (2 R. S., 173,

Fenton agt. Flagg.

§ 38.) It will be seen on consulting the Code (§ 292) that the same language touching the return is used, when the execution " is returned unsatisfied, in whole or in part, the judgment creditor, at ·any time after such return made, is entitled to an order, &c."·

Under the Revised Statutes it was constantly held that the complainant must have exhausted, his remedy at law before filing his bill. (4 *Paige*, 309 ; 7 *Paige*, 663 ; *Mc-Elwain* agt. *Willis*, 9 *W.*, 548–560.) The execution must have been duly issued to the sheriff of the proper county, and then duly returned, or it was held that the remedy at law was not properly exhausted. (1 *Barb. Ch. R.*, 402.)

When the execution has been duly issued and duly re- turned by the sheriff unsatisfied, in whole or in part, and the plaintiff has in no wise interfered, I am not aware of any case permitting the question to be raised that there was property which the sheriff ought to have taken and sold for the purpose of satisfying the judgment in whole or in part. And I apprehend that this question, under such circumstances, cannot be made. The plaintiff having done all that the law required of him, may act safely upon the return of the sheriff. If the plaintiff acted in good faith, and the sheriff made a false return, the plaintiff was not to be deprived of his creditor's bill, and so now, of his order from a judge requiring the debtor to appear and answer concerning his property. The question is one of jurisdiction. The statute says, when the execution shall have been returned unsatisfied, in whole or in part, the party may file his bill in chancery, and by the 'Code, when the execution is returned unsatisfied in whole or in part, the judgment creditor is entitled to an order from a judge.

It seems that such return is made the evidence upon which the jurisdiction depends, assuming, of course, that the judgment creditor has performed all that the law requires of him, and has not improperly interfered with the sheriff. In *McElwain* agt. *Willis*, (9 *W.*, 560,) Justice

Fenton agt. Flagg.

Nelson, in the court for correction of errors, says, after citing the Revised Statutes : " The ground upon which the jurisdiction of the court rests in such cases is, that the legal remedy has been exhausted without satisfaction of the judgment, and certainly the best evidence of the fact is the official return of the sheriff that no goods or chattels, lands or tenements, can be found, out of which he can levy the debt by virtue of the execution. Upon any other view, the question, whether there was property subject to an execution or not, would be open to be litigated by the parties in every proceeding of the kind in question, and to be decided by the court upon the testimony produced. The return of the officer is now considered conclusive, and if the defendant is injured by his misconduct, the law affords an ample remedy."

The cases cited by the defendant's counsel are not in point. The proceedings in *Sackett* agt. *Newton*, (10 *How.*. 560,) were under the second clause of section 292 of the Code. The execution had not been returned. In *Pudney* agt. *Griffith*, (15 *How.*, 410,) the plaintiff gave directions to the sheriff as to the time of the return, and instructed him not to proceed to serve the execution. In *Spencer* agt. *Cuyler*, (17 *How.*, 158,) the plaintiff or his attorney interfered with the sheriff and requested him to return the execution immediately, and he did so. The court regarded the return as the act of the party and not the official act of the sheriff. *Farqueharson* agt. *Kimball*, (18 *How.*, 33,) is an authority for the position I have taken.

The order appealed from must be affirmed with $10 costs.*

---

* Note.—It would seem that the question, whether the sheriff's return to an execution before the return day, sixty days, is an *irregularity*, which the supreme court, now clothed with equitable as well as legal powers, *is bound to take notice*, on the institution of supplementary proceedings, will probably have to be settled by the court of appeals.—[Rep.