# Franklin F. Flint *vs.* Isaac W. Webb

## September 25, 1878.

**Supplementary Proceedings—Return of Execution conclusive.**—Whenever an execution against the property of a judgment debtor, issued to the proper county, has been returned unsatisfied in whole or in part, the judgment creditor is entitled, as a matter of right, to an order requiring such debtor to appear and make disclosure concerning his property under the provisions of Gen. St. *c.* 66, tit. 24. Upon the examination or proceedings had under such an order, the truth or falsity of such return cannot be inquired into, nor whether the plaintiff in the execution wrongfully procured it to be made when there was sufficient property upon which to make a levy.

**Same—Scope and Purpose of Proceedings.**—The scope and purpose of the proceedings is the discovery of the debtor's property, both that which is liable to execution, and equitable interests belonging to him, not so liable; and to compel the application of both, if not exempt, to the satisfaction of the judgment.

**Same—Appointment of Receiver.**—The appointment of a receiver in such proceedings is a matter resting in the sound discretion of the court before whom they are instituted.

Upon affidavit of plaintiff's attorney that, on May 21, 1877, a judgment was rendered and docketed in the district court for Ramsey county in plaintiff's favor and against defendant, for $5,579.16; that on August 24, 1877, execution on the judgment issued to the sheriff of that county, (where the defendant then resided and still resides,) which execution was, on September 21, 1877, returned wholly unsatisfied, an order was made by a judge of the court requiring the defendant to appear and answer as to his property, on October 1, 1877, before a referee named in the order, and restraining him from disposing of his property till further order. The defendant appeared and was examined before the referee, upon the filing of whose report of the examination an order was made by the court at special term, *Brill*, J., presiding, after notice and argument, appointing a receiver of all the property of defendant not exempt from execution, and requiring the debtor to

deliver to the receiver the property in his possession, and to convey to the receiver his real estate, by deed of bargain and sale. From this order the defendant appealed.

*Morris Lamprey*, for appellant.

*Geo. L. & Chas. E. Otis*, for respondent.

CORNELL, J. The proceedings authorized by Gen. St. c. 66, tit. 24, in favor of a judgment creditor, after the issuance and return of an execution unsatisfied in whole or in part, were intended to furnish a speedy, inexpensive and adequate remedy for discovering and reaching all equitable interests of the debtor, not liable to seizure and sale on execution, and also all property so liable which an officer holding such process has been unable to find, and to compel the application of the same towards the satisfaction of the judgment. They not only perform the office of a creditor's bill, but have a somewhat enlarged scope and purpose. *Heroy* v. *Gibson*, 10 Bos. 591. The right to institute the proceedings is given by section 299 of this title, and upon a compliance with the conditions therein stated this right becomes absolute. *Kay* v. *Vischers*, 9 Minn. 254 (270.)

By the provisions of this section, a judgment creditor is entitled, as a matter of right, to an order requiring his debtor to appear and make disclosure concerning his property, whenever it appears that an execution against the property of such debtor has been issued to the sheriff of the county where the debtor resides, and that the same has been returned unsatisfied in whole or in part. These facts alone are sufficient to sustain the jurisdiction to issue the order for a disclosure, and to take such subsequent proceedings as the statute allows, and as may become necessary upon the disclosure. It is unnecessary to prove, in addition to these facts, that any personal demand was ever made upon the debtor to pay the judgment, or to turn out property upon the execution. *Fenton* v. *Flagg*, 24 How. Pr. 499. That the sheriff, in the execution and return of such process, has done his duty, is to be presumed, and hence a return of *nulla bona* is itself evidence

that the officer has made all reasonable search and inquiry after the debtor's property, necessary under the circumstances to justify his return. If, however, through the wrongful procurement of the plaintiff in the execution, the sheriff improperly returns it unsatisfied, where there is sufficient property upon which the officer ought to have levied to satisfy the debt, the defendant should apply directly to the court, on motion, to set aside the return, and to vacate the order and proceedings had thereon, on these grounds. So long as the return is suffered to remain of record in force and unimpeached, the jurisdiction dependent thereon to institute and prosecute supplementary proceedings, in the manner prescribed by statute, cannot be affected by any inquiries into the conduct of the sheriff in executing the writ, or into the existence of any property which he might and ought to have taken by virtue of the execution, but did not. No question of this character can be raised after the commencement of the proceedings, and upon the disclosure of the defendant, on his examination under the order. *Stoors* v. *Kelsey*, 2 Paige, 418; *Fenton* v. *Flagg*, 24 How. Pr. 499.

Such disclosure is not, as defendant's counsel supposes and claims, in the nature of a creditor's bill, nor can the facts testified to by the defendant on his examination be treated like the averments contained in a bill of that character. Its sole purpose is a discovery of the debtor's property, to the end that it may, so far as it is not exempt from execution, be subjected to the payment of his debt to the judgment creditor, and its relevancy must be determined by reference to that object. If the answers of the debtor on his examination relate to other matters, not pertinent to the purposes of the investigation, they are to be regarded as immaterial and of no effect.

In case any property is discovered which ought to be applied towards the satisfaction of the judgment, it is within the power of the court to compel such application, either by an order, making the application directly, or through the ap-

pointment of a receiver, with the usual powers belonging to such an officer. Whether the one or the other of these remedies, or both, shall be pursued in any given case, is a matter resting in the sound discretion of the court, and dependent somewhat upon the peculiar circumstances of such case. That a receiver may, in the discretion of the court, be appointed immediately upon granting the order for the examination, there can be no doubt; and such, it seems, is the safer and better practice, inasmuch as it effectually secures to the prosecuting creditor that priority of lien upon his debtor's property which his vigilance justly entitles him to; and it is not perceived how, in any case, any harm can result to the debtor by the appointment of a receiver in the first instance, because such officer and all his proceedings are under the supervision and control of the court, whose jurisdiction is adequate to the protection of the interests of both debtor and creditor. *Heroy* v. *Gibson,* 10 Bos. 591; *Bailey* v. *Lane,* Note to *Warde* v. *Beebe,* 15 Abb. Pr. 373; *People* v. *Mead,* 29 How. Pr. 360.

Upon the facts of this case, we think the discretion of the court was very properly exercised. It clearly appears from the disclosure that a large amount of personal property has been very recently encumbered by chattel mortgages given by the debtor to relations and different members of his family. This fact, taken in connection with the other circumstances in the case, is well calculated to excite suspicion, and to raise a presumption that an investigation may become necessary for the purpose of testing the validity of these transactions. In view of such a contingency, it is highly proper that a receiver should be appointed, with adequate authority to make the investigation effectual.

Order affirmed.