BYRON TOWNE *vs.* JOHN CAMPBELL, impleaded, etc.

May 26, 1886.

**Supplementary Proceedings—Receiver—Interest in Land in Another State.**—In proceedings supplementary to execution a receiver may be appointed, though the only property disclosed is an interest in real estate, situate in another state, and the debtor may be required to convey such interest to the receiver.

Judgment having been regularly entered in this action in the district court for Hennepin county in favor of plaintiff, and an execution thereon having been returned wholly unsatisfied, the examination and disclosure of the defendant Campbell were taken by a referee appointed by the court in supplementary proceedings. Upon this disclosure, the plaintiff obtained an order to show cause why a receiver

of the property of defendant Campbell should not be appointed, and appeals from an order by *Lochren*, J., discharging the order to show cause.

*Alex. W. Stow* and *Geo. E. Sutherland*, for appellant.

*M. H. Sessions*, for respondent.

GILFILLAN, C. J. In these proceedings the property of the judgment debtor claimed to have been disclosed, was an interest in real estate situate in the territory of Dakota, the title to which real estate was in his wife and one James R. Campbell, and never had been in the defendant Campbell. On being submitted to the judge of the court below, he declined to pass on the merits, and denied the relief sought, solely on the ground that he had no jurisdiction to either make an order applying the said real-estate interest for the benefit of the plaintiff, or to appoint a receiver herein in reference thereto or in aid of the plaintiff's rights. The jurisdiction or power of the judge to direct the application of an interest in real estate situate out of this state, and to make the necessary orders to effect that purpose, is therefore the only matter that need be considered.

The statute (Gen. St. 1878, c. 66, § 342,) provides: "The judge may order any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment," etc. Section 343: "The judge may also, by order, appoint a receiver of the property of the judgment debtor, not exempt from execution," etc. Section 345 provides that the judge may punish as for a contempt the disobedience of an order by him.

The power seems ample to order the application to satisfaction of the judgment of all the debtor's property, (not exempt,) of whatever nature, or wherever situated, and to make any orders proper and necessary to enforce such application. With respect to real estate out of this state, it is true, as seems to have been in the mind of the judge in denying the relief sought, that no order which could be made, either appointing a receiver or otherwise, could of itself pass or affect the title, or apply it to satisfy the judgment. This is so, for the reason that transfers of interest in real estate are governed solely by the law of the state or country where it is situated, and such interests

are not affected by any law, or the judgment of any court, of another jurisdiction.

Proceedings supplementary to execution not only perform the office of a creditors' bill, but have a somewhat enlarged scope and purpose. *Flint* v. *Webb*, 25 Minn. 263; *Heroy* v. *Gibson*, 10 Bosw. 591. The court or judge before whom they are pending has as much power to apply the debtor's property to satisfy the creditor's demand as the court of chancery had upon a creditors' bill, and can enforce such application in a similar manner. To reach, for that purpose, real estate lying out of the jurisdiction, the court of chancery could appoint a receiver, and compel the debtor to execute to him such conveyances as would be effectual to pass the real estate according to the law of the state or country where it was situated. *Mitchell* v. *Bunch*, 2 Paige, 606, (22 Am. Dec. 669;) *Bailey* v. *Ryder*, 10 N. Y. 363. This it could do by virtue, and in the exercise, of its jurisdiction over the person of the debtor, and it did not thereby assume any power over the real estate itself. The debtor, in supplementary proceedings, may, in a similar manner, be compelled to make application of real estate beyond the jurisdiction. The judge ought, therefore, to have determined whether the interest claimed to have been disclosed was of such character that it could be made available by a receiver, with a proper transfer from the judgment debtor, and, if so, to have appointed a receiver, and required such transfer.

Order reversed.