FRANKLIN DUNHAM, ·Receiver, *vs.* TIMOTHY E. BYRNES and others.

November 29, 1886.

**Practice—Dismissal before taking Evidence—New Trial.**—A cause having been called for trial, the court dismissed the same upon motion before any evidence had been introduced. The court subsequently, deeming this to have been erroneous, granted a new trial. *Held* proper practice.

**Complaint held Sufficient after Answer.** — A complaint *held* sufficient as to the statement of certain facts, the defendant having answered thereto.

**Receiver in Supplementary Proceedings—Power to Avoid Fraudulent Conveyance.**—A receiver appointed in proceedings supplementary to execution may maintain an action to avoid a fraudulent conveyance of real estate by the judgment debtor, although there has been no transfer of the property in question to the receiver.

One Salsbury having recovered judgment against one William A. Rogers, and execution having been returned unsatisfied, the plaintiff in this action was appointed receiver of the property of Rogers, in proceedings supplementary to the execution, and, as such receiver, brought this action in the district court for Hennepin county, to set aside conveyances of land made by Rogers to the defendants, upon the ground that the same were fraudulent as to creditors and made

without consideration. The defendants answered, and when the action was called for trial, and before the introduction of any evidence, moved for a dismissal upon the ground that the plaintiff has not capacity to sue. The motion was granted by *Young,* J., it being admitted that no personal property is involved in the action. Defendants appeal from an order granting a new trial.

*C. H. Benton,* for appellants.

*E. A. Campbell* and *J. E. Waters,* for respondent.

DICKINSON, J. When this cause came on for trial, the court dismissed the same upon the defendants' motion. Subsequently, upon reconsideration of the case as presented by the pleadings, the court granted a new trial. From this order the defendants appealed. There was no impropriety in the practice. If the court erred in dismissing the action, it was right to grant a new trial. Although no evidence had been introduced, the cause was before the court for trial. "A verdict, report, or *decision* may be vacated, and a new trial granted," for "irregularity in the proceedings of the court, jury, referee, or prevailing party, or *any order of the court * * * by which the moving party was prevented from having a fair trial.*" Gen. St. 1878, *c.* 66, § 253.

The complaint should be sustained as respects the sufficiency of the allegations as to the recovery and docketing of the judgment, the issuing and return of execution, the proceedings supplementary to execution, the appointment of this plaintiff as receiver, and his authorization by order of the court to prosecute this action. These facts are briefly stated, but the pleading seems to have been sufficiently definite to inform the defendants as to the facts referred to, and by the answer the alleged facts are admitted except as to the conferring of authority to sue upon the receiver, which is denied.

The principal question presented by the appellants is as to the power of a receiver appointed in proceedings supplementary to execution to maintain an action to avoid a conveyance of real property fraudulently made by the debtor to defraud his creditors. The defendants oppose the right of the receiver to maintain the action principally upon the ground that neither by the statute, nor by any order of the court, has the receiver been invested with the title to, or any inter-

est in, the property. That is not necessary to enable the receiver to maintain an action in the nature of a creditor's bill to avoid, in behalf of creditors, a transfer fraudulent as to them, so as to make the property available for the satisfaction of their debts. *Porter* v. *Williams*, 9 N. Y. 142, (59 Am. Dec. 519;) *Bostwick* v. *Menck*, 40 N. Y. 383; *Wright* v. *Nostrand*, 94 N. Y. 31, 42; *Hamlin* v. *Wright*, 23 Wis. 491; *Barker* v. *Dayton*, 28 Wis. 367; *Miller* v. *Mackenzie*, 29 N. J. Eq. 291; High. Rec. (2d. Ed.) §§ 447, 454. For this purpose the receiver represents and stands in place of the creditor, and prosecutes the action in his behalf. The right to maintain the action does not depend upon any succession by the receiver to the title of the debtor, but upon the equitable right of the creditor to have set aside a conveyance which as to him is invalid, but which is effectual as a cloud to prevent the application of the property to the satisfaction of his debt. There is no need that the receiver take possession of the property for this purpose, nor that he be in any way invested with the title. *Botswick* v. *Menck, supra; Wright* v. *Nostrand, supra.* An action of this nature does not contemplate the acquisition of the title by the receiver or the judgment creditor, nor a divestiture of the title of the debtor or of his grantee, except through the judgment therein, and the proceedings which may be thereafter taken for the sale or other disposition of the property for the satisfaction of the debt.

Order affirmed.