JOHN W. SHACKLETON vs. GEORGE N. KNEISLEY.

Submitted on briefs Jan. 20, 1892.   Decided Feb. 23, 1892.

Complaint Construed.—The complaint in this action, which was brought
   to compel an accounting, and to wind up and settle the affairs of a co-
   partnership, is not open to the objection that the district court was with-
   out jurisdiction of the subject thereof, or that several causes of action
   have been improperly united, or that said complaint failed to state facts
   sufficient to constitute a cause of action.

Appeal by defendant, George N. Kneisley, from an order of the
district court of Hennepin county, *Hicks*, J., made September 20,
1890, overruling his demurrer to the complaint.

Action by John W. Shackleton against George N. Kneisley to com-
pel an accounting and to wind up the affairs of a partnership.

*John H. Long*, for appellant.

*J. B. McArthur*, for respondent.

COLLINS, J.   Defendant demurred to plaintiff's complaint on three
grounds:   *First*, that the court had no jurisdiction of the subject of
the action, namely, land in the state of Wisconsin; *second*, that sev-
eral causes of action had been improperly united; and, *third*, that
the complaint failed to state facts sufficient to constitute a cause of
action.   The pleading in question lacks precision and conciseness,
but it is not demurrable.   A full statement of its contents seems un-
necessary, but it has been made to appear therein that plaintiff, a
builder, and defendant, a real-estate dealer, owned together two city
lots on which they were erecting, and had nearly completed, a block
of houses.   The plaintiff had charge of the work, while defendant
seems to have been the active business man in the enterprise.   By
agreement the legal title to the premises was in the latter.   It is al-
leged that by certain false and fraudulent representations, which are
detailed in the complaint, defendant induced the plaintiff to part with
his interest in the premises for a deed of 1,000 acres of land in the
state of Georgia, which deed, although made by a third party as gran-
tor, was delivered to plaintiff by defendant; that the lands described
in the deed were of no value; and that neither the grantor nor de-

fendant had title thereto. It was further alleged that prior to this transaction, and without plaintiff's knowledge or consent, defendant had actually sold and conveyed by deed of warranty the city property to one Hoegh, and in payment and exchange had received from the latter a conveyance of certain real property in La Crosse and $5,000 in cash, and thereafter had mortgaged the real property in La Crosse for $5,000, which amount he had received from the mortgagee. There were other allegations, formal and otherwise, of which no mention is now made, our object being to merely outline the transactions as detailed at length in the pleading.

This statement of the facts as set forth is sufficient, we think, to show that, if they are capable of being substantiated on the trial, the defendant has perpetrated a gross fraud upon the plaintiff, from the consequences of which he cannot escape. The object of the action, as indicated by the general tenor of the complaint and by the demand for judgment, is to compel defendant to account, either in the identical property which he received, or in money, for plaintiff's share of the proceeds of the trade he made with Hoegh. It is of a strictly personal character, and the court below, having obtained jurisdiction of defendant's person, may proceed to a full examination and adjustment of the differences between the parties. If defendant has disposed of the real property which he obtained, or should refuse to convey a moiety thereof to plaintiff if it be so decreed, or if the court has no power to enforce its decree, as defendant asserts,—but as to this, see *Towne* v. *Campbell*, 35 Minn. 231, (28 N. W. Rep. 254;) *Mitchell* v. *Bunch*, 2 Paige, 614; and *Bailey* v. *Ryder*, 10 N. Y. 370,—a money judgment might be ordered, and of this result the defendant should be the last person to complain. The situation would be of his own creation, and the result unfortunate, possibly, for the plaintiff, but for the latter only. So much for the question of jurisdiction.

The complaint has but a single object,—that is, to compel an accounting between the parties, who had associated themselves together for the purpose of carrying on a joint enterprise or undertaking, the purpose being to make a profit, which should be equally shared. One in whose name the property stood of record, and who was the managing man of the concern, has, according to the complaint, fraudu-

lently conveyed it, and has appropriated the proceeds to his own individual use. That he may be compelled to disgorge, and that full and adequate relief may be afforded the other, ought not to be questioned. The action is one to wind up and bring about a final and complete settlement of the business of a partnership, an accounting being first in order, that the relative rights and interests may be ascertained. The complaint states a good cause of action, although somewhat awkwardly. The appellant's argument largely proceeds upon the theory that, unless the plaintiff has alleged and can prove that the Georgia lands were falsely and fraudulently represented to be of a certain value by defendant, or unless he falsely and fraudulently represented the title thereto to be perfect, the plaintiff must abide by the transaction, notwithstanding his offer to reconvey, promptly made, upon discovering defendant's conveyance of partnership property to Hoegh. The relations of these parties demanded the utmost fair dealing, and defendant cannot be allowed to make a profit out of his partner, the plaintiff, without his assent. If he has done so, he has defrauded the latter.

Order affirmed.

(Opinion published 51 N. W. Rep. 470.)