ALVIN A. MEISTER v. WILLIAM H. ADAMSON.[1]

May 23, 1895.

Nos. 9507—(277).

**Insolvency—Receiver.**
> Upon a petition made to a judge of the district court for the appoint-
> ment of a receiver in insolvency proceedings, it did not appear that the
> debtor was insolvent, nor that he had concealed or removed or disposed
> of any of his property with intent to delay or defraud his creditors.
> *Held*, that the judge was justified in refusing to make such an appoint-
> ment.

Appeal by Alvin A. Meister from an order of the district court
for Hennepin county, Pond, J., denying an application for the ap-
pointment of a receiver of William H. Adamson.    Affirmed.

*Matthew Gallagher*, for appellant.

*A. P. Loomis*, for respondent.

BUCK, J.    Meister recovered a judgment against Adamson on
November 27, 1894, in the district court of Hennepin county for the
sum of $228.85, and caused execution to be issued thereon, which
was returned forthwith unsatisfied by the sheriff of said county.
Meister then on November 28, 1894, instituted supplementary pro-
ceedings, and a referee was appointed, who took Adamson's testi-
mony, which was presented to the judge of the district court by
Meister on December 12, 1894, who petitioned for the appointment
by the court of a receiver of all the property and effects of Adam-
son.

No other evidence was presented, and the judge refused to make
such appointment on the ground that it did not appear that Adam-
son was indebted to any one else, and that, during all the time the
proceedings were pending against him on behalf of Meister, Adam-
son had openly in his possession a large amount of personal prop-
erty, consisting of mortgages, notes, and other chattel securities,
which were conceded to be several times in value the amount of
Meister's judgment, and that such property was open and present

[1] Reported in 63 N. W. 618.

for Meister to levy upon under his execution, if he desired so to do. While Adamson disclaimed ownership in the property, it was in his possession and visible, and was handled and used by him in his business. The fact that Adamson claimed that the property belonged to his brother and sister while he was using it openly in his business would not be a concealment of it, under the meaning of the insolvent law. Although the petition for the appointment of a receiver was made after the return of the execution nulla bona, yet, upon the evidence submitted to the judge, it did not appear that Adamson was insolvent. As it did not appear that he had concealed, disposed of, or removed any of his property, or made any attempt to do so, with intent to delay or defraud his creditors, and it did not appear that he was insolvent, and it further appearing that Meister could proceed directly against the property without invoking the more expensive machinery of a receivership in insolvency proceedings, the judge was fully justified in refusing to appoint a receiver.

Order affirmed.

CANTY, J. I concur on the ground that, while it appeared that Adamson had concealed and disposed of his property, it did not appear that he had done so for the purpose of defrauding his creditors. The evidence tended to prove that he had done so, not for the purpose of defrauding his creditors, but for the purpose of evading the usury laws in his business of loaning money.