MARY D. BEAN v. GEORGE S. HERON.[1]

June 8, 1896.

Nos. 9873—(125).

**Judgment on Mortgage Debt—Supplemental Proceedings—Receiver.**
Where a judgment creditor's demand is secured by mortgage, a receiver of the judgment debtor's property may be appointed in supplementary proceedings, although the creditor has not exhausted his mortgage security.

**Appointment of Receiver—Discretion.**
Whether a receiver should be appointed is a matter resting in the sound judicial discretion of the court.

**Same—Adequacy of Security.**
It would be oppressive, and an abuse of discretion, to appoint one where it appeared that the mortgage security was ample to pay the creditor in full.

**Same—Appointment Sustained.**
*Held* that, under the facts of this case, there was no abuse of discretion in appointing a receiver.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., appointing a receiver. Affirmed.

*J. M. Hawthorne*, for appellant.

A receiver will not be appointed where a creditor has a complete, prompt, and efficient remedy at law. Where there is a default on a mortgage, but it is clear that a foreclosure and sale will realize

[1] Reported in 67 N. W. 805.

enough to pay the debt, a creditor will be left to his proceedings at law without the intervention of a receiver. 20 Am. & Eng. Enc. Law, 275, 277, 500; High, Rec. §§ 310, 403; Rice v. St. Paul & Pac. R. Co., 24 Minn. 464; Thayer v. Swift, Harr. (Mich.) 430; 1 Jones, Mortg. § 162; 6 Am. & Eng. Enc. Law, 675; Haas v. Chicago Bldg. Soc., 89 Ill. 498. When it appears on supplemental proceedings, that the judgment debtor has property liable to execution sufficient to satisfy the judgment, the court has no authority to appoint a receiver. Second Ward Bank v. Upmann, 12 Wis. 499; High, Rec. § 403; Parker v. Moore, 3 Edw. Ch. 234; Starr v. Rathbone, 1 Barb. 70.

*Stringer & Seymour*, for respondent.

The holder of a note secured by mortgage may recover judgment on the note and use the remedies which the law gives for its collection. 2 Jones, Mortg. c. 27; Id. § 1217; Pingrey, Mortg. § 1563: Tucker v. McDonald, 105 Mass. 423; Taylor v. Cheever, 6 Gray, 146; Palmer v. Foote, 7 Paige, 437; Newbold v. Newbold, 1 Del. Ch. 310; Story, Eq. Jur. § 547; Gates v. Young, 30 Hun, 477, 17 N. Y. Weekly Dig. 551. The appointment of a receiver was appropriate to reach real estate which could be the subject of an action by him. Flint v. Webb, 25 Minn. 263; Dunham v. Byrnes, 36 Minn. 106, 30 N. W. 402; Beach, Rec. § 628; Tomlinson & W. Mnfg. Co. v. Shatto, 34 Fed. 380. Such proceedings take the place of a creditor's bill and are in the nature of an equitable execution. Riddle & Bullard, Supp. Proc. 14–23; Tomlinson & W. Mnfg. Co. v. Shatto, supra.

MITCHELL, J. This action was commenced and prosecuted to final judgment upon a note which was secured by a mortgage on real estate which has not been foreclosed. Execution was issued to the sheriff of the county where the defendant resided, and duly returned wholly unsatisfied. The defendant was then brought up on supplementary proceedings and examined concerning his property, and upon the close of such examination the judge made an order appointing a receiver of the defendant's property not exempt from execution, and restraining any transfer or other disposition thereof until the further order of the court. From this order defendant appealed.

The principal point urged is that, where the judgment creditor's claim is secured by mortgage, it is error in any case to appoint a receiver, in supplementary proceedings, of the judgment debtor's property, until the creditor has exhausted his collateral security. Sup· plementary proceedings are a substitute for, and perform the office of, a creditor's bill, with a somewhat enlarged scope and purpose. Flint v. Webb, 25 Minn. 263; Towne v. Campbell, 35 Minn. 231, 28 N. W. 254. The statute provides that, in such proceedings, the judge may, in accordance with and subject to the rules of courts of equity, appoint a receiver of the property of the judgment debtor. G. S. 1894, § 5492. One of the rules of courts of equity was that their jurisdiction attached only when the creditor's legal remedies had been exhausted and proved inadequate. Hence it was usually necessary for the creditor to allege in his bill that he had obtained judgment and issued execution, and that there had been a return thereto of "Nulla bona." The argument of defendant's counsel is that, on the same principle, a creditor cannot have a receiver appoint·ed in supplementary proceedings until he has exhausted the mortgage security which he holds for the payment of the debt. We do not so understand the authorities. The remedies on the note or other obligation and on the collateral mortgage are concurrent. The cred·itor may resort to either or both, but he shall not take double satisfaction of the debt. Unless prohibited by statute, a mortgagee may resort to all the remedies for the collection of his debt which the law affords, precisely as if he held no mortgage. It seems to have been well settled in the equity practice that a creditor might maintain a bill to reach and apply in the payment of his debt property ·of the debtor which could not be reached by execution, although the debt was secured by mortgage. This remedy being in the nature of :an equitable execution, the view of the courts seems to be that there .is no reason why it may not be pursued, just as the mortgagee might, by legal execution, levy on any property other than the mortgaged es-·tate without first exhausting the latter. · Jones, Mortg. § 1217; .Pingrey, Mortg. § 1563; Tucker v. McDonald, 105 Mass. 423.

It does not follow that the mortgagee creditor is entitled in every ·case, as a matter of right, to have a receiver appointed. That is a matter resting in the sound discretion of the court. Flint v. Webb, supra. Equitable principles, which are always very flexible, should

be taken into account in determining whether a receiver should be appointed. A receivership, the costs of which have to be paid, if any property is reached, out of the debtor's estate, is a very drastic remedy, and is subject to great abuses. At the present day it unfortunately is often more beneficial to the receiver and his attorneys than to the creditor. It should therefore be resorted to with great caution, and sparingly. Where it clearly appears that a creditor holds mortgage security ample to satisfy his whole debt, his application for a receiver of his debtor's other property ought, ordinarily, to be denied. In such a case it would be an abuse of judicial discretion to appoint one, unless, possibly, there were some exceptional circumstances.

In the present case we are unable to say that the court abused its discretion. The principal of the debt had been due over 8 months, and the interest was overdue and unpaid for about 15 months. The defendant was largely indebted, and either unable or unwilling to pay his debts in the ordinary course of business as they matured. Plaintiff's claim amounted to nearly $3,800. At the time this debt was contracted, defendant owned quite a large amount of property in St. Paul, which, in September, 1892,—after the debt was contracted,—he estimated worth about $125,000, and stated that it was incumbered to the extent of $15,000 or $20,000, and that he owed an additional $15,000 of unsecured indebtedness. All of this property, except an "equity" that does not appear to be of any substantial value, he had conveyed away or disposed of,—mostly to personal friends,—under circumstances strongly tending to show that it was done for the purpose of putting the property beyond the reach of creditors. Hence, when plaintiff obtained her judgment and issued execution, there was nothing in sight, except the mortgage security, out of which any part of the debt could be realized. The mortgaged premises are unimproved and unproductive. The only evidence as to their value is the affidavit of the defendant himself that he considers them reasonably worth $4,000, and the affidavits of two real estate dealers, one of whom says that he considers them worth $4,000, and the other that he considers them worth $4,000 to $4,500. It is noticeable, however, that none of them say what they think the premises would sell for. The fact that this security is of doubtful adequacy to satisfy plaintiff's claim is indicated,

better than by anything else, by the attitude of the parties themselves; the plaintiff being evidently unwilling to take the property for her claim, and the defendant, on the other hand, being apparently desirous of compelling her to do so.

If, on foreclosure sales, real estate was sold to third parties for cash, it would be an easy and short matter to ascertain what the property would bring, and what the deficiency would be. But it is a matter of common knowledge that such sales are a mere form; that the property is generally bid in by the mortgagee, who has to wait for a year before he gets either money or property. By that time plaintiff's claim would amount to nearly $4,300, even if she should foreclose immediately. It is also a matter of common knowledge that the value of unimproved real estate—that is, what it will bring—is to a considerable extent a matter of opinion; also, that the amount which mortgagees will bid it in for often depends very much upon their chance of ever getting any more on their debt. If they think there is no such chance, they will usually bid up, in order to be sure, in case of a redemption, of realizing all that there is in the property. On the other hand, if they are assured that they can collect the deficiency from their debtor, they will bid in the property only for what they feel reasonably sure they can realize out of it.

Now, if plaintiff is compelled to first exhaust her mortgage before having a receiver appointed, the act of the defendant in putting all his other property out of his hands has placed her in just this position: If she should bid in the property for less than it proved to be worth at the end of a year, and it should be redeemed, the loss would fall on her, unless she was able to collect the deficiency out of the defendant. On the other hand, if she should bid it in for the full amount of her debt, say $4,000, and the property should prove to be worth less at the end of the year, the loss would still fall on her. In short, if, as the evidence tends to show, defendant has disposed of his other property for the purpose of placing it or its proceeds beyond the reach of his creditors, this wrongful conduct on his part has placed plaintiff, if she is compelled to first exhaust her security, where she has to take all the risks of loss, while defendant retains all the chances of gain. This, to our minds, is the strongest reason why we think it would be inequitable to deny the plaintiff the aid of

a receiver in supplemental proceedings until she first forecloses her mortgage. Upon the whole case, we do not think the court abused its discretion in appointing a receiver.

Order affirmed.

CANTY, J.  I cannot concur in the foregoing opinion.  There is, in my opinion, a sufficient showing that the security is adequate; so that it is an abuse of discretion to appoint a receiver.