J. E. FLINT v. F. D. ZIMMERMAN and Others.[1]

December 8, 1897.

Nos. 10,692—(148).

Supplementary Proceedings—Receiver—G. S. 1894, § 5492—Discretion of Court.

The application under G. S. 1894, § 5492, for the appointment of a receiver in proceedings supplementary to execution is addressed to the sound discretion of the court, to be exercised as an auxiliary to the attainment of the ends of justice, exactly as it was prior to the amendment, Laws 1889, c. 106, § 3.

Same—Appointment—When Proper.

To require or to warrant such an appointment, it is not necessary that it appear with certainty that the judgment debtor has property which should be applied on the judgment. But it should appear that there is reasonable ground to believe that he has.

Plaintiff recovered a judgment for $5,060 in the district court for Hennepin county. Execution thereon having been returned unsatisfied, H. C. Peterson, one of the judgment debtors, was examined in supplementary proceedings. From an order, Russell, J., denying

[1] Reported in 73 N. W. 175.

a motion to appoint a receiver for Peterson, plaintiff appealed. Affirmed.

*H. D. Stocker* and *H. D. Stocker, Jr.*, for appellant.

*Robert Christensen*, for respondent.

COLLINS, J.

Upon disclosures made by the respondent, H. C. Peterson, and Adeline M. Peterson, his wife, in proceedings supplementary to an execution issued upon a judgment against the former, counsel for appellant creditor moved the court for the appointment of a receiver. The motion being denied, the creditor appealed.

A judge of the district court is authorized to appoint receivers in proceedings supplementary by virtue of G. S. 1894, § 5492, which reads as follows:

"The judge may in accordance with and subject to the rules of courts of equity, appoint a receiver of the property of the judgment debtor not exempt from execution, or forbid a transfer or other disposition thereof, or any interference therewith until his further order therein."

Prior to 1889 this section read thus:

"The judge may also, by order, appoint a receiver of the property of the judgment debtor not exempt from execution, or forbid a transfer or other disposition thereof, or any interference therewith." G. S. 1878, c. 66, § 343.

And under this section it was held that the appointment of a receiver was a matter resting in the sound discretion of the court before whom the proceedings supplementary had been instituted. Flint v. Webb, 25 Minn. 263.

The query now is, has the court been deprived of the right to exercise its discretion in the matter by the amendment which provides that appointments may be made in accordance with and subject to the rules of courts of equity?

Prior to the amendment the statute conferred the power of appointment of these receivers in a general way, and in no manner was the power restricted or regulated by statute. Evidently the object of the amendment was to regulate the subject by pointing out and prescribing what rules should be followed in proceedings

supplementary, namely, those already observed in judgment creditors' actions in courts of equity.

These rules not only control when the courts are considering the rights of the litigants upon the main question of the appointment, but also when ascertaining the qualifications and when selecting receivers. See Beach, Rec. § 609 et seq., where the rules in equity are discussed. But these rules do not attempt to interfere with or govern the exercise of a sound discretion on the part of the court when passing upon the application for the appointment of receivers in actions brought by judgment creditors and the application is still one addressed to the sound discretion of the court, to be exercised as an auxiliary to the attainment of the ends of justice. The appointment is not a matter of absolute right. 20 Am. & Eng. Enc. 19, and cases cited; Willard, Eq. Jur. 332.

The amendment has not changed the rule laid down in Flint v. Webb, supra. This was undoubtedly the view taken of section 5492, when, in Bean v. Heron, 65 Minn. 64, 67 N. W. 805, that case was cited to the proposition that the appointment of a receiver is a matter resting in the sound discretion of the court.

The remaining question is whether the court below failed to exercise this sound discretion when it made the order appealed from. We are confident that it did not. From the record of the examinations, not very thorough or searching, it might be suspected or surmised that the debtor had some interest in the business carried on by his wife or that she owed him for services rendered in and about that business. While to require or to warrant the appointment of a receiver it is not necessary that it should appear with certainty that the debtor has property which should be applied on the judgment, it should appear that there is a reasonable ground to believe that he has. Colton v. Bigelow, 41 N. J. L. 266; Coates v. Wilkes, 92 N. C. 376. Mere suspicion or surmise falls far short of what is required to justify the exercise of a power which should be sparingly used.

Order affirmed.