### B. POPPITZ v. OLE ROGNES.

April 26, 1899.

Nos. 11,548—(156).

**Receiver in Supplementary Proceedings—Farm Contract—Discretion of Court.**

The appointment of a receiver in proceedings supplementary to execution is a matter resting in the sound discretion of the court, and somewhat dependent upon the particular circumstances of the case. The fact that upon the debtor's examination it is disclosed that he has some property which may be subjected to the payment of the judgment does not necessarily entitle the creditor, as a matter of right, to the appointment of a receiver. It is against the general policy of the law to appoint a receiver where the creditor has other adequate remedies for the collection of his judgment. *Held* that, upon the facts of this case, there was no abuse of discretion in the court's refusing to appoint a receiver.

Appeal by plaintiff from an order of the district court for Jack-

son county, Quinn, J., denying a motion for appointment of a receiver of defendant's nonexempt property. Affirmed.

*T. A. Alexander*, for appellant.

*L. F. Lammers*, for respondent.

MITCHELL, J.

This appeal is from an order denying plaintiff's motion for the appointment of a receiver in proceedings supplementary to execution.

The plaintiff obtained a judgment against the defendant for some $68, and caused to be issued thereon an execution, which was returned unsatisfied three days after it was issued. The defendant was then brought up under an order of court for examination concerning his property. It appeared from his examination that he was cropping 200 acres of land, belonging to one Lammers, under a "farm contract," of substantially the kind in common use in this state, which provided, among other things, that until division of the crops, and the performance of all the terms and conditions of the farm contract, the ownership and possession of all the crops raised on the land should be and remain in Lammers; also, that Lammers should hold that part of the crops which would on division belong to the defendant, to repay him all advances made by him to the defendant, and all other indebtedness due him from the defendant. All the property of the defendant disclosed by his examination consisted of his farm stock and machinery, and his interest in the crops. At the time of the examination the crops were all in shock, but they had not been divided; neither had there been any settlement between him and Lammers, to whom he was largely indebted. As security for part of this indebtedness, Lammers held a chattel mortgage on some of defendant's farm stock and machinery, and on his interest in the crops. The farm contract was still on foot, and some of its terms and conditions were still unperformed. Defendant's interest in the crops and a large part of his farm stock and implements were incumbered by chattel mortgages to different parties, but we think the court would have been justified in concluding that there was sufficient of nonexempt

stock and machinery remaining unincumbered to pay plaintiff's judgment in full.

There was no evidence, and there is no claim, that defendant had concealed or fraudulently disposed of any of his property. It all consisted of chattels in his possession or custody, and was all subject to levy and sale on execution, unless it may be the law that, as against Lammers, defendant's interest in the crops could not have been reached by execution, but only by garnishment, or by suit in which Lammers was made a defendant. But, if so, there was no necessity for a receiver for the purpose of enforcing such remedies. The plaintiff himself could have resorted to them, and, if a receiver had been appointed, he would have had no more power in that regard than plaintiff himself already had. There was no evidence, and there is no claim, that any of the incumbrances on defendant's property were fraudulent or void as to creditors, or even that there was any dispute as to their amount. In short, there is not only no showing that there was any necessity for the appointment of a receiver, but we think it affirmatively appears that plaintiff had an ample remedy without any such appointment, and that there was not a dollar's worth of property which he could reach through a receiver which he could not reach without one.

Under this state of facts, there was no abuse of discretion in the court's refusing to appoint a receiver. The mere fact that, upon a debtor's examination in supplementary proceedings, property is disclosed which may be subjected to the satisfaction of the creditor's judgment, does not necessarily entitle the latter, as a matter of right, to have a receiver appointed. The proceedings authorized by G. S. 1894, c. 66, tit. 24, §§ 5486–5496, in favor of a judgment creditor, are designed as a remedy for discovering and reaching all equitable interests of the debtor not liable to seizure and sale on execution, and also all property so liable which an officer holding such process has been unable to find by reason of concealment or fraudulent transfer by the debtor, or by reason of any other cause. Whether a receiver should be appointed is a matter resting in the sound discretion of the court, and dependent somewhat upon the peculiar circumstances of each particular case. Flint v. Webb, 25 Minn. 263. See, also, Bean v. Heron, 65 Minn. 64, 67 N. W. 805.

Placing a person's property in the hands of a receiver is, at best, a drastic proceeding, usually very expensive, and frequently resulting in absorbing the greater part of the estate in expenses; and it is against the general policy of the law to permit a creditor to resort to it where he has other adequate remedies.

Order affirmed.