HERMAN WILKINS v. JOSIAH F. COREY.[1]

July 2, 1926.

No. 25,369.

**Appeal from order appointing receiver in supplementary proceedings.**

1. Where the evidence has been taken and reported to the court by a referee in proceedings supplementary to an execution, the lack of a settled case signed by the judge is not a ground for dismissing an appeal from an order appointing a receiver.

**Appointment of such receiver within discretion of court.**

2. Whether a receiver shall be appointed in such proceedings rests in the discretion of the trial court and this court interferes only when necessary to correct an abuse of discretion.

Appeal and Error, 4 C. J. p. 570 n. 91; p. 804 n. 96.
Executions, 23 C. J. p. 870 n. 54.

---

See 10 R. C. L. 1381; 2 R. C. L. 211; 1 R. C. L. Supp. 449; 4 R. C. L. Supp. p. 93.

[1]Reported in 209 N. W. 754.

Defendant appealed from an order of the district court for Washington county, Stolberg, J., appointing a receiver in proceedings supplementary to execution. Affirmed.

*Rollin G. Johnson*, for appellant.

*George L. Spangler*, for respondent.

TAYLOR, C.

This is an appeal from an order appointing a receiver in proceedings supplementary to the execution.

Plaintiff made a motion to dismiss the appeal on the ground that no settled case has been allowed or signed by the trial court. The motion is denied. Even if the return were defective in this respect, it would not be a ground for dismissing the appeal. But here the evidence was taken and reported to the court by a referee duly appointed for that purpose and is sufficiently authenticated by his certificate. Since the change in practice by which the original record and files are transmitted to this court as the return from the court below (G. S. 1923, § 9493), the remedy for an insufficient or defective return is that pointed out by rules 4 and 6 of this court.

Plaintiff recovered a judgment of $336.32 for labor performed on defendant's farm. An execution was returned wholly unsatisfied. Thereafter these proceedings were instituted. It appears from the disclosure that defendant is the owner of 840 acres of land situated in the southeasterly part of the township of Forest Lake in Washington county of which about 120 acres are under cultivation; that the land is encumbered by a purchase money mortgage of more than $60,000 on which no payments have been made for four or five years and which may be foreclosed at any time; that he has two claims against third parties—one for $150, and the other for $96; and that his other personal property is mortgaged for the sum of $7,000. The value of his property is not shown, but both parties seem to take for granted that neither the land nor the personal property is worth the amount of the mortgage against it. Plaintiff's purpose is to collect his judgment out of the amount obtainable for the use of the land during the time that must elapse before defendant's right of possession can be terminated through a foreclosure of the mortgage.

Defendant contends that a receiver ought not to be appointed for the reason that there is no evidence that he has concealed any of his property or has disposed of any of it for the purpose of delaying or defrauding his creditors. But the appointment of a receiver in such proceedings is not limited to cases in which the debtor has fraudulently concealed or disposed of property. Whether one shall be appointed is for the trial court to determine in the exercise of its judicial discretion in view of all the circumstances. Flint v. Webb, 25 Minn. 263; Towne v. Campbell, 35 Minn. 231, 28 N. W. 254; Meister v. Adamson, 61 Minn. 166, 63 N. W. 618; Bean v. Heron, 65 Minn. 64, 67 N. W. 805; Flint v. Zimmerman, 70 Minn. 346, 73 N. W. 175; Poppitz v. Rognes, 76 Minn. 109, 78 N. W. 964.

Defendant cites some of the above cases as supporting his contention, but those are cases in which the trial court had refused to appoint a receiver and this court held that such refusal was not an abuse of discretion. This court is perhaps more liberal than the majority of courts in sustaining such refusals. 23 C. J. 870. No case is cited in which this court has reversed an order appointing a receiver.

The remedy afforded by proceedings supplementary to the execution is recognized as in the nature of an equitable execution, and in order to make the remedy effective the court is authorized to appoint a receiver. Bean v. Heron, supra, and cases cited. This court interferes in such matters only where the trial court has exceeded its power or abused its discretion. There is no ground for saying that it has done either in the present case and the order is affirmed.