## HARRY GINSBERG v. A. DAVIS AND ANOTHER.[1]

February 9, 1934.

No. 29,753.

*Ell M. Roston* and *Max Shapiro,* for appellant.
*Leonard, Street & Deinard* and *Hyman Edelman,* for respondents.

*LORING, Justice.*

This is an appeal from an order in proceedings supplementary to execution denying the plaintiff's application for the appointment of a receiver for the defendants' nonexempt property.

The defendants, Davis and Helfman, and Nathan Ginsberg were stockholders in the Davis Manufacturing Company prior to Ginsberg's death in 1930. That company was engaged in the manufac-

[1]Reported in 252 N. W. 669.

ture of furniture. The same persons were interested in the Gopher Upholstering Company, the name of which was later changed to the Sterling Manufacturing Company. After the death of Ginsberg, Davis and Helfman purchased from his estate the stock in the two companies at the price of $20,000, $1,600 of which was paid in cash. Defendants gave plaintiff their note for $18,400 payable in monthly instalments, with an acceleration clause. Part of the note was paid, and this suit was brought to recover a claimed balance thereon of $5,800, with interest. Defendants defaulted, and judgment for plaintiff was rendered in the sum of $6,040.75. After supplementary proceedings the motion was made from the denial of which this appeal was taken.

Subsequent to the acquisition of Nathan Ginsberg's stock the name of the Davis Manufacturing Company was changed to Ginsberg Manufacturing Company. That company and the Sterling Manufacturing Company became insolvent, with liabilities in excess of $100,000. The largest creditors were Dahlin Brothers and Davis Manufacturing Company, with a claim in excess of $42,000, and M. L. Sprung, whose claim exceeded $22,000. The corporation known as "Dahlin Brothers and Davis Manufacturing Company" had no connection with the Davis Manufacturing Company and for convenience will be hereinafter referred to as Dahlin Brothers. Most of the lesser creditors of the insolvent corporations agreed to take a settlement on the basis of 40 per cent of their claims. Dahlin Brothers and Sprung sought to recover a larger percentage and for that purpose arranged with Davis and Helfman that the two latter should be employed by a new corporation which should be organized under the name of Davis Manufacturing Company to take over and continue the business formerly conducted by the insolvents. It was further agreed that Dahlin Brothers and Sprung would advance $11,500 for the purpose of settling, in part, with the smaller creditors. This advance was conditioned upon an agreement that the wives of Davis and Helfman were also to advance for the same purpose the sum of $5,000, for which they were to receive stock in the new company, all of the capital stock of which was placed in the hands of trustees, named by Dahlin Brothers and Sprung, as

security for their claims and advances. All dividends thereon were to be applied ratably to the accounts of Dahlin Brothers and Sprung, who agreed to take 50 per cent of the face of their claims if paid in that way. The advances were to be repaid in full. The trustees were to manage the corporation.

Davis and Helfman each borrowed $2,500 on his life insurance policies, and this money was used by their wives in accordance with the agreement heretofore referred to. Stock was issued therefor to the wives and placed in trust as agreed.

Plaintiff claims that the stock in the new corporation which was purchased in the name of the wives of the defendants is in reality defendants' stock and should be subjected to the plaintiff's claim as a creditor. He claims that the whole transaction from the organization of the new Davis Manufacturing Company to the transfer of the assets thereto and issuance of stock to defendants' wives was fraudulent as to him and that a receiver should have been appointed to take possession of or recover defendants' assets.

The defendants claim that the money borrowed from the life insurance companies was exempt from execution and that they might give it to their wives or to anybody else without prejudice to the plaintiff's rights; that at any rate the stock which was issued to their wives had been placed in trust for the benefit of Dahlin Brothers and Sprung, whose rights are superior to the plaintiff's; and, further, that the appointment of a receiver for their property was a matter of discretion with the trial court and that such discretion was not abused in refusing the appointment. It is their further claim that plaintiff has an adequate remedy at law by the levy of an execution upon any property which he claims belongs to the defendants.

The question whether the proceeds of loans from life insurance made against cash surrender value of policies are exempt from claims of creditors is an important one and not free from possible doubt. While it has received considerable attention from counsel in their arguments, the record before the court on this motion was hardly adequate for its presentation, and we therefore refrain from passing upon the question at this time.

If the plaintiff has an adequate remedy at law, then, regardless of the other questions raised, there was no abuse of discretion in refusing the drastic remedy of receivership. Poppitz v. Rognes, 76 Minn. 109, 78 N. W. 964. Mr. Justice Mitchell, speaking for this court in that case said [76 Minn. 111]:

"The mere fact that, upon a debtor's examination in supplementary proceedings, property is disclosed which may be subjected to the satisfaction of the creditor's judgment, does not necessarily entitle the latter, as a matter of right, to have a receiver appointed. The proceedings authorized by G. S. 1894, c. 66, tit. 24, §§ 5486-5496, in favor of a judgment creditor, are designed as a remedy for discovering and reaching all equitable interests of the debtor not liable to seizure and sale on execution, and also all property so liable which an officer holding such process has been unable to find by reason of concealment or fraudulent transfer by the debtor, or by reason of any other cause. Whether a receiver should be appointed is a matter resting in the sound discretion of the court, and dependent somewhat upon the peculiar circumstances of each particular case. Flint v. Webb, 25 Minn. 263. See, also, Bean v. Heron, 65 Minn. 64, 67 N. W. 805. Placing a person's property in the hands of a receiver is, at best, a drastic proceeding, usually very expensive, and frequently resulting in absorbing the greater part of the estate in expenses; and it is against the general policy of the law to permit a creditor to resort to it where he has other adequate remedies."

It is true in that case no charge of fraud was made, but in the case at bar we think the trial court was well within its discretion in refusing the receivership. The situation here was one where the trial court may well have seen no intent to defraud. As said in Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 170 Minn. 290, 212 N. W. 455, 456:

"Speaking broadly, a receiver could reach the property only as the plaintiff can reach it, that is, by suit. The plaintiff can reach it without a receiver."

And see 2 Mason Minn. St. 1927, § 8483. The plaintiff's remedy was adequate.

Order affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.