## MINNEAPOLIS SAVINGS AND LOAN ASSOCIATION v. THOMAS J. YOLTON AND OTHERS.[1]

March 8, 1935.

No. 30,275.

*Smith & Lindgren,* for appellants.
*Worth K. Rice,* for respondent.

HILTON, JUSTICE.

Defendants Ahlquist and Thom appeal from an order of the district court enjoining them from collecting the rent on certain property in the city of St. Paul and appointing a receiver to collect such rent.

Minneapolis Savings and Loan Association, respondent, was the owner and holder of a mortgage upon a house and lot in St. Paul, owned by defendant Yolton and one Margaret A. Pacelli. On February 23, 1934, the mortgagors transferred by deed their interest in the property to defendant Ahlquist, the arrangements for such transfer being made by defendant Thom. The mortgage being in

[1]Reported in 259 N. W. 382.

default, foreclosure proceedings were commenced by advertisement; the first notice thereof was published on July 6, 1934, and the date of sale was designated as August 18, 1934. The amount unpaid on the mortgage was $1,643.78. On July 10 an action was instituted by respondent to enjoin appellants from collecting the rents on the premises and to have a receiver appointed to collect the same for the purpose of applying the amounts so collected upon unpaid taxes and insurance. An order to show cause, returnable July 20, why they should not be so enjoined and a receiver appointed was served upon appellants. The original complaint alleged the reasonable value of the property to be not more than $1,800; that when the mortgage was executed there was no other encumbrance against the property; that by the terms of the mortgage the mortgagee had the right to collect the rent from the premises to apply the same upon unpaid taxes, mortgage interest, and for repairs upon default; that the taxes had not been paid; and that the failure to pay taxes was reducing the security to the injury of respondent. At the hearing upon the order to show cause the court allowed respondent to amend its complaint so as to incorporate therein an allegation that the mortgagors were insolvent.

At the hearing respondent produced affidavits of Yolton to the effect that the property was worth not more than $1,800; that he and Margaret Pacelli had sold the property to Ahlquist and received only $25 therefor; that Ahlquist had promised to make certain needed repairs, pay the back taxes amounting to $400, and to make the then past due payments on the mortgage; that none of these things had been done; that $110 for four months' rent had been collected and retained by appellants; that he (Yolton) and his comortgagor were insolvent and unable to pay the indebtedness. A tax statement introduced showed delinquent taxes against the premises in the amount of $403.30. No counter affidavits or other proof was offered by appellants, and on July 21 the order here appealed from was made.

The question presented is whether the undisputed facts recited above were sufficient to warrant the appointment of a receiver *pendente lite*. From these facts the court could find, and it un-

doubtedly did, that waste was being committed in that the taxes were allowed to remain unpaid; that such waste diminished the value of the property to such an extent as to make it no longer adequate security for the payment of the indebtedness; and that the mortgagors were insolvent. Upon that finding the court was justified in appointing a receiver. Poppitz v. Rognes, 76 Minn. 109, 78 N. W. 964; Minnesota B. & L. Assn. v. Murphy, 176 Minn. 71, 222 N. W. 516. See also Fidelity-Philadelphia Tr. Co. v. West, 178 Minn. 150, 226 N. W. 406; Gardner v. W. M. Prindle & Co. 185 Minn. 147, 240 N. W. 351. It was not necessary to allege or prove the insolvency of the grantee.

Appellants claim error in the action of the court in refusing to extend the time of the hearing on the order to show cause to July 24, 1934, the date set for argument on their separate demurrers which had been interposed to the complaint on the ground that it failed to allege facts sufficient to constitute a cause of action. Also it is claimed that the court erred in allowing the amendment to the complaint without giving appellants an opportunity to meet the new allegation of insolvency of the mortgagors by answer or affidavits. The order to show cause gave appellants the usual eight days in which to prepare counter affidavits or other proof. The refusal of the trial court to extend the time thereof was within its discretion. Appellants were not prejudiced thereby, as it was not claimed that the mortgagors were solvent. In a letter written by the trial judge to appellants' counsel he agreed to hear a motion for the vacation of the order appointing the receiver if they wished to make one. No such motion was made. The hearing on the demurrers came up before another judge, and they were overruled. No further pleadings appear. There is nothing in the record indicating an abuse of discretion in the actions taken by the trial court.

Affirmed.