MILTON B. WHITNEY v. CLARENCE E. SHERIN and Others.

October 17, 1898.

Nos. 11,287—(201).

**Discretion of Court—Order Vacating Judgment.**

*Held*, that the order of the trial court vacating the judgment herein as to the defendant sheriff, and permitting him to answer, was not an abuse of its discretion.

**Attachment against Nonresident Defendants—Judgment by Default —Error to Vacate the Judgment and Dismiss the Action.**

The plaintiff caused property within the jurisdiction of the court to be seized, as the property of the nonresident defendants herein, by virtue of a writ of attachment duly issued against them. Service of the summons was thereafter made upon them by publication, and judgment entered against them for want of an answer. Thereupon they moved the trial court to vacate the judgment and dismiss the action, upon affidavits denying that they had any interest in the property. The court made its order granting the motion. *Held*, that it was error.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., vacating a judgment in favor of plaintiff as against defendants John Wagener, Clarence E. Sherin and Carrie

E. Sherin, and dismissing the action as to defendants Clarence E. Sherin and Carrie E. Sherin. Affirmed in part and reversed in part.

*William G. White*, for appellant.

*John E. Stryker*, for respondents.

START, C. J.

The C. E. Sherin Special Agency, one of the defendants herein, on January 6, 1898, in the district court of the county of Ramsey, recovered a judgment against the Atlantic Congregational Church for the sum of $703; and on the same day execution was issued thereon, and placed in the hands of the defendant John Wagener, as sheriff, who levied it upon the property of the church.

On January 20, 1898, the plaintiff herein, a resident of the state of New York, commenced in the district court of the county of Ramsey this action against Clarence E. Sherin, Carrie E. Sherin, also residents of New York, the C. E. Sherin Special Agency, a foreign corporation, the church, and John Wagener. The purpose of the action was to secure the application of the money to be collected on the judgment against the church to the payment of a judgment for the sum of $1,769.69 recovered by the plaintiff in the courts of the state of New York against the Sherins, as individuals, on the ground that the judgment against the church was in fact the property of all of the Sherins. The plaintiff sued out a writ of attachment in this action, which was delivered to the defendant sheriff, with direction to levy it upon the judgment against the church, which was done on January 20, 1898. The summons in this case was personally served on the sheriff and on the defendant agency by publication. The agency appeared, and answered, denying that the defendants Sherins, or either of them, had any title to or interest in the judgment in question, and alleged that it was the sole and absolute owner thereof. The Sherins never appeared in the action except as hereinafter stated.

On January 28, 1898, an order returnable February 5 was made by the trial court, requiring the defendants to show cause why the defendant sheriff should not be required to retain in his hands, until final judgment herein, all moneys collected or received by him on

the judgment against the church. On February 2, the plaintiff's attorney herein prepared an instrument which was indorsed "Answer," wherein the defendant Wagener alleged that he made the attachment, as sheriff, upon the judgment against the church, that he had no interest in the matters and things involved in this action except to perform his duties as sheriff, and submitted himself to the jurisdiction of the court, and to any order, judgment or direction that the court might make therein. This answer the attorney delivered to the sheriff's deputy, with the request that the sheriff sign and verify it, which he did, upon his attention being called to the document and request by the deputy. The answer was returned to the attorney, who filed it as an answer to the order to show cause. The order to show cause was discharged. The answer made by the sheriff was in fact an answer to the order, and not an answer to the complaint. The sheriff made no other answer, and, when the time for answering the complaint had expired, the plaintiff dismissed the action as to the agency, without notice to the sheriff, and, on May 6, 1898, entered judgment by default against the Sherins and the sheriff. On June 10 the sheriff made a motion to open the judgment as to him and for leave to answer. The Sherins appeared specially at the same time, and moved the court to vacate the judgment and dismiss the action as to them. The court made its order granting both motions, from which the plaintiff appealed.

1. The trial court did not abuse its discretion in opening the judgment as to the sheriff, and permitting him to answer. The court found that the judgment was not secured against the sheriff by any misrepresentations on the part of the plaintiff's attorney, and the evidence sustains the finding. It is, however, too clear to justify any extended discussion of the matter, that the court was justified in making the order on the ground that the judgment was obtained against the sheriff through his mistake and excusable neglect. The document labeled an "Answer" contained upon its face recitals which would advise a lawyer that it was not an answer to the complaint, but the sheriff was not a lawyer. He had no interest in the litigation. He was simply a stakeholder. When the plaintiff's attorney caused a document to be presented to the

sheriff marked as an answer, wherein he submitted himself to the jurisdiction of the court, or to any judgment or order the court might make in the action, he had a right to assume and believe that he had made all the answer necessary to be made, and to rely upon the implied representation that the real parties in interest would litigate the question of the ownership of money collected on the judgment, and that his rights would be protected by both court and counsel. Instead of this being done, as soon as his time for answering had expired the action was dismissed, without notice to him, as to the only defendant having any real interest in the litigation, and judgment taken against him by default for want of an answer. If he was guilty of negligence in failing to answer the complaint, under such circumstances it was certainly excusable neglect. His proposed answer states a meritorious defense, for, if the judgment against him is to stand, he must respond to the plaintiff for the money collected on the judgment in question, and also to the agency, the execution creditor. He was reasonably diligent in applying to the court to be relieved from his default.

2. We entirely agree with counsel for the respondent that little need be said as to the trial court's order in vacating the judgment and dismissing the action as to the defendants the two Sherins. It was manifestly erroneous. It is to be noted that these defendants did not ask to be permitted to answer. They had the statutory right to do so, the summons having been served upon them by publication; but they sought to put an end to the plaintiff's proceedings to have applied the avails of the property attached to the payment of his claim against them. The grounds upon which they based their motion to have the judgment vacated and the action dismissed were (1) that the court had no jurisdiction over their persons; (2) that the court had no jurisdiction of the subject-matter of the action. The trial court granted the motion on the first ground, but it is not here claimed by either party that the court had any jurisdiction over their persons, or that the judgment entered against them was in legal effect a personal judgment, or enforceable except against the property actually brought within the jurisdiction of the court by the attachment. Therefore the order cannot be sustained on the first ground. If the plaintiff has, by his attach-

ment, seized any property of the defendants, he is entitled to have it applied, by means of an execution issued on the judgment, to the payment of his claim against them, and to retain the judgment for this purpose.

But their counsel seeks to sustain the order on the ground that the trial court found that they had no interest in the property attached. If this be so, then they have no interest to be protected by having the judgment vacated. They cannot, on affidavits denying any interest in the property attached, put an end to the plaintiff's proceedings to subject the property to the payment of his debt. If a. third party claims to own the property, the plaintiff is entitled to litigate with him the question whether he acquired a lien on it by his attachment, on the trial of an action to which both are parties. If the claim of counsel is correct, property within this state conveyed by a nonresident debtor to defraud his creditors cannot be reached by them; for, when the creditors attach the property standing in the name of the fraudulent grantee, it would only be necessary for the debtor to make his affidavit that he did not own the property, to secure a dismissal of the creditors' action.

The order appealed from must be affirmed as to the defendant John Wagener, and reversed as to the defendants Clarence E. and Carrie E. Sherin. So ordered.