## SPOKANE MERCHANTS ASSOCIATION v. P. H. COFFEY.[1]

November 14, 1913.

Nos. 18,240—(35).

**Jurisdiction over nonresident.**

1. In an action against a nonresident to recover a debt, the jurisdiction of the court is limited to the property of the debtor seized under proper process issued therein.

**Conveyance by nonresident — attachment.**

2. If a conveyance of real estate made by a nonresident debtor is fraudulent as to creditors, the land remains the property of the debtor as against such creditors, and may be seized by them under a writ of attachment as the basis of an action against such nonresident.

**Same.**

3. Where such attachment has been made, the creditor has the right to proceed to judgment and to sell the real estate thereunder without first contesting the validity of the conveyance.

**Setting aside service of summons.**

4. The service of the summons upon the debtor in such an action cannot be set aside upon affidavits that he has no interest in the property. The validity of the conveyance cannot be determined upon affidavits, nor in an action to which the claimant thereunder is not a party.

[1] Reported in 143 N. W. 915.

P. H. Coffey, one of the defendants, appeared specially for the purpose of objecting to the jurisdiction of the court and moved the district court for Hennepin county to vacate the service of the summons. The motion was heard before Hale, J., who denied the same. From the order denying the motion, defendant appealed. Affirmed.

*William G. White,* for appellant.

*Charles J. Traxler,* for respondent.

TAYLOR, C.

Both parties to this controversy are residents of the state of Washington. In 1912 a quarter section of land in the state of Minnesota, owned by defendant Coffey, was conveyed by him through a third party to his wife. Thereafter plaintiff brought this suit against Coffey upon an indebtedness incurred by him while the owner of the land and attached it as his property. Coffey appeared specially, for the sole purpose of objecting to the jurisdiction of the court, and moved to set aside the service of the summons upon the ground that he was not a resident of Minnesota and had no interest in the land at the time it was seized under the attachment. Affidavits to the effect that Coffey had conveyed the land before the commencement of the action and had no property in the state were filed in support of the motion; and affidavits showing grounds for claiming that the conveyance was fraudulent were filed in opposition thereto. The motion was denied and Coffey appealed.

As Coffey is a nonresident, only constructive service of the summons could be made upon him. The statute provides that constructive service of the summons shall be sufficient to confer jurisdiction: "When the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action." Section 7738, G. S. 1913. Such jurisdiction, however, is limited to the property of the defendant which has been seized under proper process issued in the action. If judgment be rendered against the defendant it can be enforced only against the property so seized. It cannot be enforced against the defendant personally.

The sole ground upon which the service of the summons is attacked is that Coffey had no interest in the land at the time the action was

commenced and had no property within the state. It is true, as claimed by defendant, that a conveyance, although fraudulent as to creditors, divests the debtor of all title to the land as between himself and his grantee. But it is equally true that, if the conveyance be fraudulent as to creditors, the title remains in the debtor as between the parties to the conveyance and such creditors.

"As against the creditors, the law pronounces such a transaction fraudulent and void, and ineffectual to pass any title from the debtor. The attempted transfer may be treated as a nullity, and the property subjected to seizure and sale upon execution, at the instance of any judgment creditor, the same as though no transfer had been made." Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621.

It is well settled that a creditor, who claims that his debtor has conveyed real estate for the purpose of defrauding creditors, may proceed against the real estate as if no such conveyance had been made. He need not first contest or litigate the validity of the conveyance. He may sell the land upon execution and leave the question of title to be litigated thereafter between the purchaser and the claimant under the alleged fraudulent conveyance. Campbell v. Jones, 25 Minn. 155; Tupper v. Thompson, supra; Jackson v. Holbrook, 36 Minn. 494, 32 N. W. 852, 1 Am. St. 683; Fisher v. Utendorfer, 68 Minn. 226, 71 N. W. 29; Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L.R.A. 865, 94 Am. St. 709.

The above cases all held that the land may be seized and sold under an execution against the debtor without first contesting the validity of the conveyance; and, if it may be seized under an execution, no reason is apparent why it may not also be seized under an attachment. That it may be so seized was decided in Arper v. Baze, 9 Minn. 98 (108) and in Whitney v. Sherin, 74 Minn. 4, 76 N. W. 787. The case last cited is decisive of the present case. In that case as in this, the debtors were nonresidents and sought to defeat an action instituted by attachment on the ground that they had no interest in the property attached. The court say: "If this be so, then they have no interest to be protected by having the judgment vacated. They cannot, on affidavits denying any interest in the property attached, put an end to the plaintiff's proceedings to subject the prop-

erty to the payment of his debt. If a third party claims to own the property, the plaintiff is entitled to litigate with him the question whether he acquired a lien on it by his attachment, on the trial of an action to which both are parties. If the claim of counsel is correct, property within this state conveyed by a nonresident debtor to defraud his creditors cannot be reached by them; for, when the creditors attach the property standing in the name of the fraudulent grantee, it would only be necessary for the debtor to make his affidavit that he did not own the property, to secure a dismissal of the creditor's action."

Plaintiff had the right to seize the property by attachment and to proceed to judgment and sell the property thereunder without first litigating the validity of the conveyance. The question as to whether the conveyance was in fact fraudulent cannot be determined in this proceeding based upon affidavits, but only in an action to which the claimant thereunder is a party.

The order appealed from is affirmed.