## MARY E. DOLAND v. BURNS LUMBER COMPANY.[1]

July 3, 1923.

No. 23,658.

**Execution may be levied on land conveyed by debtor in fraud of creditors.**

1. A judgment creditor who claims that his debtor has conveyed real estate for the purpose of defrauding his creditors may disregard such conveyance and levy upon and sell the real estate under execution, leaving the claim of fraud to be litigated later.

**Sale on execution will not be enjoined.**

2. Such a sale will not be restrained by injunction.

**Sale may be made while action to set aside deed is pending.**

3. The creditor may sell under his execution, although an action to set aside the conveyance as fraudulent is pending undetermined.

Action in the district court for Ramsey county to enjoin the sale of certain real property until the final determination of the action. The matter was heard by R. D. O'Brien, J., who granted a temporary injunction. From the order granting the injunction, defendant appealed. Reversed.

*Baldwin Schroeder*, for appellant.

*Paul C. Thomas* and *John H. Horeish*, for respondent.

TAYLOR, C.

In her complaint, plaintiff alleged that she is the owner in fee of a certain tract of land in the city of St. Paul; that she acquired title thereto by warranty deed from William J. Hoy and his wife on June 6, 1921, which deed was duly recorded in the office of the register of deeds of Ramsey county on December 3, 1921; that defendant obtained a judgment against Hoy for the sum of $8,412 which was duly entered and docketed in the district court of Ramsey county on August 16, 1922; that on May 24, 1923, defendant caused an execution to be issued on its judgment and to be levied on the above mentioned land, and caused the sheriff of Ramsey county to

[1]Reported in 194 N. W. 636.

give notice that under such execution, on July 9, 1923, he would sell, at public auction, all the right, title and interest that said Hoy had in said land on August 16, 1922, or at any time thereafter; that defendant has instituted an action in the above entitled court to set aside the deed from Hoy to her, which action is still pending, and that defendant intends to proceed with the execution sale and sell her property on an execution against her predecessor in interest. She asked that the sale be enjoined until the final determination of the action.

In its answer defendant alleged, among other things, that Hoy became owner of the property in question in 1915, and ever since has been and still is the actual owner of it and in possession of it; that plaintiff is his daughter; that the deed to her was made without consideration and for the purpose of hindering and defrauding defendant in the collection of its judgment; that defendant's judgment is for an indebtedness incurred by Hoy in the year 1920 for material furnished to him; that an execution issued on the judgment was returned by the sheriff on September 5, 1922, wholly unsatisfied; that on May 3, 1923, defendant began an action against Hoy and plaintiff to have the deed to plaintiff declared void as against defendant's judgment on the ground that it was made without consideration and for the purpose of defrauding creditors; that the summons in that action was served on Hoy, but the sheriff returned that plaintiff could not be found, and that the summons is now being published as against plaintiff. Defendant admitted the paragraph of the complaint setting forth the issuance of an execution on May 24, 1923, and the proposed sale of the land thereunder.

Plaintiff applied to the court for an order restraining the execution sale until the termination of this action. The application was submitted to the court on the complaint, answer and a stipulation that the new matter in the answer should be considered as denied. On June 12, 1923, the court ordered that a temporary injunction be issued restraining defendant from proceeding further under the execution until the final determination of the action brought by defendant to set aside the deed. Defendant appealed from this order.

It is well settled that a judgment creditor, who claims that his judgment debtor has conveyed real estate for the purpose of defrauding creditors, may disregard such conveyance and levy upon and sell the real estate under an execution issued on his judgment, and leave the question of title to be litigated thereafter between the purchaser at the sale and the claimant under the conveyance; or he may bring an action to determine the fraudulent character of the conveyance before proceeding under the execution. Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L. R. A. 865, 94 Am. St. 709; Spokane Merchant's Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915, and cases there cited; 23 C. J. 568. Chapter 415, p. 643, Laws of 1921, gives legislative sanction to this rule by providing in section 9 (being section 9 of the Uniform Fraudulent Conveyance Law) that where a conveyance or obligation is fraudulent as to a creditor, he may

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"(b) Disregard the conveyance and attach or levy execution upon the property conveyed."

The rule, invoked by plaintiff, that equity will restrain a threatened sale which will create a cloud on the title, does not apply to such a case. Where a debtor makes a conveyance fraudulent as to creditors, the title is deemed to remain in the debtor as between a creditor and the parties to such conveyance, and may be levied upon and sold the same as if the conveyance had not been made; and it has long been established that a creditor who claims that his debtor has made a fraudulent conveyance may, if he chooses, ignore the conveyance and levy upon and sell the property as the property of his debtor. 67 L. R. A. 865, note; 23 C. J. 568; 1 Dunnell, Minn. Dig. §§ 3905, 3906. This is permitted in order that such a conveyance shall not operate to delay the collection of the debt, nor to extend the period during which the debtor or his grantee may appropriate the rents and profits of the property. Of course the purchaser at such a sale has the burden of establishing that the ignored conveyance was in fact fraudulent. Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L. R. A. 865, 94 Am. St. 709.

In proceeding to sell the land in question under its execution, the defendant was exercising a right given it by law and an injunction will not lie to restrain it from exercising such right.

Bringing an action to set aside the conveyance as fraudulent as to creditors did not debar defendant from proceeding under its execution. Jurisdiction over the grantee in the conveyance had not been acquired in that action at the time the sheriff made his levy and gave notice of sale under the execution. Whether such jurisdiction has since been acquired does not appear. But this aside, the two proceedings are not inconsistent but supplementary, and beginning one did not operate as a waiver of abandonment of the right to begin and prosecute the other. 20 C. J. 6 and 26.

The deed vested title in plaintiff except as against creditors of Hoy. To divest her of the title two things are necessary—a sale of the land at the instance of a creditor of Hoy for the purpose of appropriating the proceeds to the payment of his claim, and a judicial determination that the deed was fraudulent as to such creditor. If the sale be made under an execution, the question whether the conveyance was fraudulent may be litigated either before or after such sale. Where the creditor has reduced his claim to judgment, he has the right to sell under an execution before the question of fraud is determined, and is not deprived of that right by commencing an action to establish the fraud. Perhaps after the sale he may not be in position to proceed further with that action, but, if so, the same question must be litigated in some other action. The order appealed from is reversed.