HEALY-OWEN-HARTZELL COMPANY v. MONTEVIDEO
FARMERS & MERCHANTS ELEVATOR COMPANY
AND OTHERS.[1]

February 18, 1927.

No. 25,828.

**Remedies of judgment creditor when his debtor fraudulently conveys land.**

   1.  A judgment creditor, claiming a conveyance of land made by his
debtor to be fraudulent, may disregard it and sell on execution, and
afterwards litigate the question of fraud; or he may bring an action
to set aside the conveyance as fraudulent.

**Denial of receiver in supplementary proceedings sustained.**

   2.  Whether a receiver shall be appointed in a proceeding supple-
mentary to execution under G. S. 1923, § 9453, is largely within the
discretion of the trial court. Under the circumstances stated in the
opinion it was not error to deny the appointment of a receiver.

**Election of remedies by judgment creditor in case of fraudulent conveyance.**

   3.  A judgment creditor without proceeding under G. S. 1923, § 9450,
et seq., or after proceeding thereunder, and without the appointment
of a receiver or other action of the court, may bring an action to set
aside a conveyance as fraudulent, or may proceed by execution.

Appeal and Error, 4 C. J. p. 804 n. 96.
Executions, 23 C. J. p. 870 n. 53, 54.
Fraudulent Conveyances, 27 C. J. p. 704 n. 17; p. 716 n. 55; p. 719
   n. 81; p. 720 n. 92, 93.

See 10 R. C. L. 1381.

   Plaintiff and defendant Northwestern National Bank of Minne-
apolis appealed from an order of the district court for Chippewa
county, Qvale, J., denying their motion for the appointment of a
receiver in supplementary proceedings. Affirmed.
   *H. V. Mercer & Co.* and *Daly & Barnard,* for appellants.
   *C. A. Fosnes & John C. Haave, J. O. Haugland, C. D. Bensel* and
*W. W. Merrill,* for respondents.

[1]Reported in 212 N. W. 455.

DIBELL, J.

The plaintiff recovered judgment for something like $50,000 against some of the defendants in this action and in lesser amounts against the others. The case is reported as Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238. In supplementary proceedings under G. S. 1923, § 9450, et seq., disclosures were had before the referee. Upon the report of the referee, the plaintiff and defendant Northwestern National Bank moved for the appointment of a receiver. The motion was denied and they appeal.

1. When a debtor conveys land, and his judgment creditor claims it was in fraud of creditors, he may disregard the conveyance and sell the real estate upon execution and afterwards litigate the question of fraud; or he may bring an action to set aside the conveyance as fraudulent. Uniform Fraud. Conv. Act. § 9, G. S. 1923, § 8483; Doland v. Burns Lumber Co. 156 Minn. 238, 194 N. W. 636, and cases cited; Spokane Merchants Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915, and cases cited.

2. Whether a receiver shall be appointed in proceedings supplementary to execution under G. S. 1923, § 9453, is largely within the discretion of the trial court. Wilkins v. Corey, 168 Minn. 102, 209 N. W. 754, and cases cited. Practically all of the defendants, some fifteen, are farmers in the vicinity of Montevideo, and until the last few years were prosperous, and some of them reputed wealthy. There is no property of a substantial amount that a receiver could obtain from them without litigation. There is some property standing in the names of one or more of them, it is true, but if land it is subject to the lien of the plaintiff's judgment, and can be sold on execution at any time; and if personal property it can be reached by execution. Speaking broadly, a receiver could reach the property only as the plaintiff can reach it, that is, by suit. The plaintiff can reach it without a receiver. It is true, as counsel for the plaintiff claims, that some of the defendants hardly disguise the fact that they conveyed all of their property, or substantially all, except their homesteads, to prevent the plaintiff from reaching it, and

some even make light of it. It is not true of all the defendants. Some may claim that what they did amounted to no more than the making of a preference which they might make lawfully, and others may claim that there was no fraud. The grantees are not parties in the proceedings supplementary to execution. Of necessity their rights must be determined in a plenary suit. And however evident it may have been to the trial court that there was fraud on the part of some of the creditors which could not withstand a suit by the plaintiff, it was clearly within its discretion not to appoint a receiver. Indeed, the plaintiff has such sufficient remedies that it does not seem that it needs so drastic a one as a receivership. Receiverships are expensive and often wasteful; sometimes scandalously so. They are to be avoided rather than invited. The trial court exercised its discretion rightly.

3. The plaintiff appreciates the force of this, but urges that under G. S. 1923, § 9450, et seq., and particularly §§ 9452, 9453, it can reach the property of the defendants only through a receiver. This is not the correct view. A judgment creditor may use supplementary proceedings for the purpose of getting information and then bring suit to avoid conveyances, or he may proceed upon execution. He need not ask for a receiver, or may ask and be denied one, and then proceed with every remedy he has. It is common practice. Nothing that the plaintiff has done precludes a remedy by action or by levy of execution.

Order affirmed.