CHRYSLER CREDIT CORP., Appellant,

v.

Donald P. PETERSON, Respondent,

and

Keith R. Heller and Cedar Riverside Associates, Inc., Third-Parties-Respondents.

Nos. C7–83–1399, C2–83–1424.

Court of Appeals of Minnesota.

Jan. 11, 1984.

Angela Mulkerin Christy, Minneapolis, for appellant.

Ronald B. Sieloff, St. Paul, for respondent.

Robert W. Junghans, Minneapolis, for third-parties-respondents.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with no oral argument.

## OPINION

PARKER, Judge.

Appellant Chrysler Credit Corporation seeks review of the trial court's denial of an order charging a debtor's limited partnership interest with payment of a remaining unsatisfied debt which the debtor owed Chrysler Credit. Because we believe the trial court erroneously denied the charge order, we reverse.

After commencing an action against the respondent Donald P. Peterson over certain

debts Peterson guaranteed which Metro Dodge, Inc., owed to Chrysler Credit, Chrysler Credit agreed to settle its claim for $350,000. On October 21, 1982, judgment was entered against Peterson for $350,000.

Chrysler Credit began collection efforts after a judgment in excess of $2 million was entered against Peterson in a federal district court case in North Dakota. After docketing its judgment in Hennepin County, Chrysler Credit learned through discovery that Peterson owned four limited partnership units in Cedar Riverside Properties.

Chrysler Credit then sought to charge Peterson's interests in Cedar Riverside Properties with the remaining unpaid judgment debt of $338,257.84, which Peterson owed to Chrysler Credit. Between the time the order to show cause was served on Peterson's attorney and the hearing date of July 19, 1983, Peterson assigned his interest in the limited partnership to his wife and to his attorney.[1] Because of the conveyances, Chrysler Credit also requested an order voiding the conveyances as fraudulent.

The trial court denied Chrysler Credit's motion in all respects on August 24, 1983. On appeal, Chrysler Credit raises the following issues:

(1) Did the trial court err in not setting aside the assignments because, as a matter of law, they were fraudulent conveyances?

(2) When a judgment creditor alleges a fraudulent conveyance of a debtor's interest in limited partnership property, may the creditor obtain a charge order prior to the determination of the ownership of the limited partnership interest?

■ (1) We agree with the trial court that the question of fraud cannot be determined merely on the basis of a motion; a plenary action is required. The assignees must be designated as parties to that separate action because they may well be bona fide purchasers of the partnership units. *See Healy-Owen-Hartzell Co. v. Montevideo Farmers & Merchants Elevator Co. et al.,* 170 Minn. 290, 212 N.W. 455 (1927).

■ (2) We disagree, however, with the trial court's denial of the charge order. In its accompanying memorandum, the trial court explained that the ownership of the partnership interest should be determined before it can be charged with payment of an unsatisfied judgment.

The charge order is authorized by the Uniform Limited Partnership Act, adopted in Minnesota in 1980. Minn.Stat. § 322A.57 (1982), provides as follows:

On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. * * *

The charge order is the exclusive remedy for a judgment creditor of a limited partner. *Matter of Smith,* 17 B.R. 541, 547 (Bkrtcy.M.D.Ga.1982); *Matter of Pischke,* 11 B.R. 913, 917 (Bkrtcy.E.D.Va.1981).

■ In determining the rights of a judgment creditor who alleges that its debtor fraudulently conveyed property, the charge order provisions must be read in conjunction with the provisions of Minn. Stat. § 513.28 (1982), part of the Uniform Fraudulent Conveyances Act. This statute reads, in part:

(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, *when his claim has matured,* may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

---

1. An attorney's lien was also executed by Peterson's counsel on the four limited partnership units. Additionally, various security interests in the units were filed and perfected as follows: a security interest in one unit to Peterson's counsel; a security interest in one unit to Touche, Ross and Company; and a security interest in three units to Peterson's wife.

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

\*     \*     \*     \*     \*

(emphasis supplied)

Thus, a *judgment* creditor may disregard the conveyance prior to a suit determining the question of fraud and attach or levy execution upon the property conveyed. *Healy-Owen-Hartzell Co. v. Montevideo Farmers & Merchants Elevator Co. et al.,* 170 Minn. 290, 212 N.W. 455 (1927); *Doland v. Burns Lumber Co.,* 156 Minn. 238, 194 N.W. 636 (1923).

■ Since a judgment creditor of a limited partner is not entitled to attach or levy execution and is only entitled to the remedy of a charge order, the charge order provisions must be read into the remedies available to a judgment creditor under Minn.Stat. § 513.28(1)(b). The trial court's position would have been correct had Minn.Stat. § 513.29 applied. This statute deals with the rights of creditors who have not yet reduced their claims to judgment, and provides:

> Where a conveyance made or obligation incurred is fraudulent as to a creditor *whose claim has not matured* he may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured, and the court may:
>
> (1) Restrain the defendant from disposing of his property;
>
> (2) Appoint a receiver to take charge of the property;
>
> (3) Set aside the conveyance or annul the obligation; or
>
> (4) Make any order which the circumstances of the case may require.

(emphasis supplied)

The significant distinction between § 513.-29 and § 513.28 is that § 513.29 does not allow the creditor to disregard the conveyance and attach or levy execution upon the property conveyed.

The respondent contends that because he assigned his entire interest in the Cedar Riverside Properties, there was no interest held by him to be charged with the debt. He cites certain language in *Bank of Bethesda v. Koch,* 44 Md.App. 350, 408 A.2d 767 (1979), in which the. appellate court affirmed the vacating of a charge order because "there was no interest \* \* \* held by Koch to be 'charged' with the debt." *Id.* 408 A.2d at 770.

This language, however, was clearly predicated on the fact that the bank "did not question the bona fides" of the assignment of Koch's limited partnership interest; here, appellant has properly raised the issue of fraud. Therefore, the *Koch* case is distinguishable.

■ Furthermore, we disagree with respondent's contention that he lacked an interest to be charged. Partnership interest is defined in Minn.Stat. § 322A.01(10) as "a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets." It has long been the rule that a judgment creditor may treat a fraudulent conveyance as void ab initio. *Thompson v. Bickford,* 19 Minn. 17, Gil. 1 (1873); *Brasie v. Minneapolis Brewing Co.,* 87 Minn. 456, 92 N.W. 340 (1902). Although the legal and equitable title is in the grantee as against all the world, "the title is deemed to remain in the debtor as between a creditor and the parties to such conveyance \* \* \*." *Doland v. Burns Lumber Co.,* 156 Minn. 238, 240, 194 N.W. 636, 637 (1923). Clearly the debtor has an "inchoate" partnership interest remaining to which the charge order may attach.

■ Therefore, we hold that when a judgment creditor alleges a fraudulent conveyance of a debtor's limited partnership interest, the creditor may obtain a charge order that attaches to whatever limited partnership interest he is later determined to have. That interest must, as we have indicated, be determined in a plenary action to set aside the conveyance as fraudulent.

Reversed in part, affirmed in part.